UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW YORK; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; THE PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF RHODE ISLAND; and STATE OF WASHINGTON,<br><br>          Plaintiffs,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; UNITED STATES OF AMERICA; DEPARTMENT OF THE INTERIOR; DOUGLAS BURGUM, Secretary of the Interior, in his official capacity; BUREAU OF OCEAN ENERGY MANAGEMENT; WALTER CRUICKSHANK, Acting Director of Bureau of Ocean Energy Management, in his official capacity; BUREAU OF LAND MANAGEMENT; JONATHAN RABY, State Director of the Bureau of Land Management, in his official capacity; UNITED STATES FISH AND WILDLIFE SERVICE; PAUL SOUZA, Regional Director of the United States Fish and Wildlife Service, in his official capacity; DEPARTMENT OF COMMERCE; HOWARD LUTNICK, Secretary of Commerce, in his official capacity; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; LAURA GRIMM, Chief of Staff of the National Oceanic and Atmospheric Administration, in her official capacity; | Civil Action No. 1:25-cv-11221 |

NATIONAL MARINE FISHERIES
SERVICE; EUGENIO PIÑEIRO SOLER,
Director of the National Marine
Fisheries Service, in his official capacity;
UNITED STATES ARMY CORPS OF
ENGINEERS; LIEUTENANT GENERAL
WILLIAM H. "BUTCH" GRAHAM, JR.,
Chief of Engineers for the United
States Army Corps of Engineers, in his
official capacity; ENVIRONMENTAL
PROTECTION AGENCY; LEE ZELDIN,
Administrator of Environmental Protection
Agency, in his official capacity;
DEPARTMENT OF AGRICULTURE;
BROOKE ROLLINS, Secretary of
Agriculture, in her official capacity;
DEPARTMENT OF ENERGY; CHRIS
WRIGHT, Secretary of Energy, in his official
capacity; DEPARTMENT OF THE
TREASURY; and SCOTT BESSENT,
Secretary of the Treasury, in his official
capacity,

        Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTIONS FOR PRELIMINARY INJUNCTION AND FOR ENLARGEMENT OF PAGE LIMITATION

Defendants' present Motion seeks a reasonable amount of time (six weeks) and a reasonable number of pages (50 pages) to file a consolidated response brief to two voluminous motions that seek far-reaching preliminary injunctive relief.

Plaintiffs (17 States and the District of Columbia) have filed a motion for preliminary injunction, ECF No. 53, seeking to enjoin twelve federal agencies or subcomponents, as well as the individuals overseeing those agencies, the President, and the United States of America (collectively "Defendants"). Plaintiffs' motion is made in furtherance of their 101-page Complaint, which implicates at least 13 federal statutes and their respective implementing

2

regulations. In advance of filing their motion, Plaintiffs asked for Defendants' consent to file an oversize brief of 40 pages—twice as many as allowed under the local rules. L.R., D. Mass 7.1 (b)(4). Defendants consented to that request. Under the local rules, Defendants' response to this double-length brief would ordinarily be due in 14 days.[1] L.R., D. Mass. 7.1 (b)(2). Defendants attempted to negotiate an extension of their deadline to respond to Plaintiffs' double-length brief. Plaintiffs declined to agree to Defendants having more than 21 days to respond.

Proposed Intervenor Alliance for Clean Energy New York (ACE NY) also conferred with Defendants and requested Defendants' consent to file a similarly oversized preliminary injunction brief of 40 pages (pending the Court granting its Motion to Intervene). Defendants informed ACE NY that they generally did not oppose the page extension, so long as the voluminous briefing now before the Court is properly considered in ruling on Defendants' present Motion for an Extension of Time. ACE NY declined to agree to Defendants' request for additional time and deferred to the State Plaintiffs.

Because Defendants believe that 21 days and 20 pages is insufficient time and space to adequately respond to Plaintiffs' 40-page preliminary injunction motion and proposed Intervenor's 39-page preliminary injunction motion, Defendants bring this motion for an extension of time to file a consolidated 50-page response brief. Defendants respectfully ask this Court for 42 days (six weeks) and up to 50 pages to respond to the pending Motions for Preliminary Injunction. In support of the relief requested in their motion, Defendants state the following:

---

[1] Fourteen days from May 12, 2025, falls on Memorial Day. Thus, Defendants' brief is due May 27, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C).

1. This case concerns Section 2(a) of a Presidential Memorandum issued on January 20, 2025. *Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects,* 90 Fed. Reg. 8363 (Jan. 29, 2025).

2. Though Defendants believe there are jurisprudential defects, the scope of the case as plead is enormous, potentially implicating any wind energy-associated request before twelve different federal agencies or subcomponents across 17 States and the District of Columbia. That breadth carries over to the State Plaintiffs' and ACE NY's motions for a preliminary injunction.

3. Indeed, Defendants' consolidated response brief will need to address 79 pages of briefing and nearly 600 pages of declarations and exhibits. Defendants also understand that at least one amicus brief in support of Plaintiffs is expected. This will require significant time and resources to respond, which merit an extension of time.

4. Undersigned counsel have a professional obligation to consult with the agencies named in the Complaint on legal strategy in general, and in responding to Plaintiffs' and ACE NY's motions for a preliminary injunction in particular. Meaningful consultation with and coordination among the named twelve agencies will require considerable time and effort by undersigned counsel. Moreover, Plaintiffs' motion for a preliminary injunction alleges imminent and irreparable harm based upon the potential action or inaction of numerous federal agencies. This, in turn, requires undersigned counsel to determine the accuracy of those allegations and potentially work with numerous federal agencies and their personnel to prepare declarations and assemble key documents regarding matters alleged by Plaintiffs.

5. Plaintiffs' motion for a preliminary injunction presents numerous complicated issues of fact and law for which two weeks—or even Plaintiffs' proposed three weeks—is

4

insufficient time to respond. Moreover, Plaintiffs' brief in support of its motion is twice as long as the motions contemplated by the standard provisions of the local rules, consisting of 40 pages and 289 pages of declarations and exhibits.

6. Assuming the Court grants ACE NY's Motion to Intervene, ECF No. 23, Defendants are also required to respond to two separate motions for preliminary injunction. *See* ECF No. 55. ACE NY's preliminary injunction motion is likewise accompanied by a 39-page brief and more than 300 pages of declarations and exhibits. Needless to say, responding to two preliminary injunction motions requires additional time and effort from undersigned counsel. Based on the standard two weeks to respond to 20 pages of briefing under the Local Rules, it would not be unreasonable to request eight weeks to respond to nearly 80 pages of briefing.

7. Accordingly, Defendants' request for six weeks to respond to two separate briefs totaling 79 pages and containing 600 pages of supporting materials is reasonable, particularly given the scope of the case and complicated issues of fact and law involved.

8. Plaintiffs and ACE NY will not incur any irreparable harm by Defendants having an additional four weeks to respond to their motions.

9. First, Plaintiffs fail to identify any particular harm that will occur in the additional four weeks Defendants seek to adequately brief this matter.[2] *See* Pls.' PI Motion at 34-39. For instance, Plaintiffs identify no particular event or decision that would occur between May 27, when briefing would be complete under the default rules, and June 23, when briefing would be complete with Defendants having an additional four weeks to respond.

---

[2] Should the Court grant an extension of Defendants' time to respond to the preliminary injunction motions, Defendants do not object to a commensurate extension of time for Plaintiffs should they wish to file a reply in support of their motion. For example, should the Court grant Defendants' request for six weeks to respond in total, Defendants would not object if Plaintiffs requested three weeks to file a reply.

10. Second, Plaintiffs' delay in seeking preliminary relief belies any argument that the additional four weeks for Defendants' response is a delay Plaintiffs or ACE NY cannot bear. The challenged Presidential Memorandum went into effect 105 days before Plaintiffs filed their Complaint and 112 days before Plaintiffs filed their motion for a preliminary injunction. As Plaintiffs had waited 112 days to develop their case and file their preliminary injunction motion, it would be inequitable to reject Defendants' request for an additional 28 days to file their response. The same holds true for proposed Intervenor ACE NY.

For the foregoing reasons, Defendants should be granted 42 days to respond to Plaintiffs' motion for a preliminary injunction and, if they are permitted to intervene, 42 days to respond to ACE NY's motion for a preliminary injunction. This would make Defendants' response due June 23, 2025. Additionally, in the interest of efficiency and the ease of the parties and the Court, if ACE NY is granted intervention, Defendants should be afforded 50 pages for one consolidated response brief.

Respectfully submitted this 14th day of May 2025.

        **ADAM R. F. GUSTAFSON**

        Acting Assistant Attorney General
        U.S. Department of Justice
        Environment & Natural Resources Division

        */s/ Michael K. Robertson*

        MICHAEL K. ROBERTSON (DC Bar No. 1017183)
        Trial Attorney
        U.S. Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section
        4 Constitution Square
        150 M Street NE
        Washington, DC 20002
        Tel: (202)-305-9609
        Email: Michael.Robertson@usdoj.gov

        PHILLIP R. DUPRÉ (TX Bar No. 24069650)
        Senior Attorney

U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202) 598-9530
Email: Phillip.R.Dupre@usdoj.gov

*Attorneys for Federal Defendants*