UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>             Plaintiffs,<br><br>   v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>             Defendants. | No. 25-cv-11221-WGY |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO MOTIONS FOR PRELIMINARY INJUNCTION**

Plaintiffs New York, Massachusetts, Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Illinois, Maine, Maryland, the People of the State of Michigan, Minnesota, New Jersey, New Mexico, Oregon, Rhode Island, and Washington (the States) file this opposition to Defendants' motion for an extension of time (ECF 72) seeking six weeks to file a response to the States' and proposed Industry-Intervenor Alliance for Clean Energy New York's (ACE NY) motions for preliminary injunction.

**FACTUAL BACKGROUND**

In this case, the States challenge a Presidential Memorandum and federal agencies' implementation of a section of that Memorandum (Wind Directive) to indefinitely halt federal permitting of wind energy, a critical and growing source of energy generation for the States. *See Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects*, Section 2(a), 90 Fed. Reg. 8363 (Jan. 29, 2025). The States filed their Complaint on May 5, 2025 (ECF 1), alleging that the Wind Directive itself and the implementation of it by Agency Defendants

1

are unlawful in multiple respects. Industry-Intervenor ACE NY filed a motion to intervene in this matter on May 7, 2025 (ECF 23).

The States and Movant Industry Intervenors each moved on May 12 for a preliminary injunction (ECF 53, 55). The Defendants have now moved for six weeks to respond—three times as long as the local rules allow. *See* D. Mass. Local. R. 7.1(b).

## ARGUMENT

Defendants' motion should be denied for two principal reasons: First, the States (and movant Industry-Intervenor ACE NY) will suffer immediate irreparable harm absent preliminary relief. Second, Defendants' request for a six-week time period for filing a response is unreasonable given the context of the motion and the federal government's ability—as shown in similar cases—to meet a much more expedited schedule.

First, the States will experience irreparable harm without swift preliminary relief from this Court. As detailed in the States' motion for preliminary injunction and supporting memorandum of law and declarations, Agency Defendants' halt of wind-energy development will hinder the States' ability to secure reliable and affordable electricity; strand billions of dollars in States' investments and impede economic development; obstruct the States' abilities to meet their clean-energy and climate goals; and delay reductions in emissions that harm public health. *See* States' Memo of Law (ECF 70) at 9–18. Contrary to Defendants' claim, Def. Mem. at 5, time is of the essence as minor setbacks to wind-energy development can dramatically increase costs and delay or even derail wind-energy development. States' Memo of Law at 9. Indeed, last year Defendant Department of Energy warned of "an inflection point[]" for the industry, noting that a: "[f]ailure to build projects today would risk delaying cost reductions and extending risk exposure to the longer-term project pipeline, freezing investments, and pushing an industry with . . . momentum

2

into dormancy." Jonah Ury et al., *Pathways to Commercial Liftoff: Offshore Wind*, U.S. Dep't of Energy, at 11 (Apr. 2024), https://perma.cc/A4KL-6Z3W. Moreover, the threat of these harms has sharply mounted in recent weeks as Agency Defendants have stopped ongoing construction of one fully permitted project and chilled investment in other wind-energy projects, now threatening the very existence of the nascent offshore-wind industry in particular. States' Memo of Law at 8–10. Defendants' proposed extension would delay disposition of the States' motion by a month, resulting in significant harm to the industry and States in turn.

Second, Defendants' requested extension is unreasonable given the federal government's ability—as shown in similar cases—to meet a much more expedited preliminary injunction briefing schedule. Defendants cite several statistics that they argue warrant a six-week time for a response here, including (1) the need to coordinate with 13 agencies, (2) the complaint cites 13 federal statutes, (3) the briefs filed total 79 pages, and (4) the scope of the relief in the States' complaint could extend to 17 states. Def. Mem. (ECF 73) at 2–5. But in other cases of similar scope, many of the same Defendants have met a much more expedited timetable—even shorter than the two weeks provided under Local Rule 7.1(b)— for briefing a preliminary injunction.

For example, the multistate challenge to the federal funding freeze, *State of New York, et al. v. Trump* (D.R.I. No. 1:25-cv-00039-JJM-PAS), involved (1) more than two dozen federal agencies, (2) had a complaint that cited many more than a dozen statutes, (3) had 70 pages in opening briefing, and (4) involved potential relief in 22 states. *See id.*, Doc. 114 (amended complaint); Doc. 67 (70-page preliminary injunction motion filed 2/7/25). Yet there, the federal defendants filed their brief within *5 days* of the Plaintiffs' motion. *See id.*, Doc. 113 (defendants' response filed 2/12/25); *see also New York et al. v. Linda McMahon et al.*, No. 1:25-cv-10601-MJJ (D. Mass.) (federal defendants filed opposition brief 21 days after plaintiff states filed 40-page

3

brief in support of preliminary injunction motion); *Massachusetts et al. v. Robert F. Kennedy, Jr. et al.*, No. 1:25-cv-10814-WGY (D. Mass.) (29 federal defendants filed opposition brief 16 days after plaintiff states filed 40-page brief in support of preliminary injunction motion).

Nor does the timing of the filing of the States' and Movant Industry Intervenors' complaints warrant such a prolonged schedule. Def. Mem. at 6. As discussed in the State's brief, the injuries to the industry and the States did not manifest instantly, but significantly increased over time, particularly in recent weeks, as Agency Defendants implemented the Wind Directive's halt on federal approvals. *See* States' Memo of Law at 8–9. The States have promptly sought preliminary relief to redress those mounting harms.

For the foregoing reasons, the States respectfully request that the Court deny Defendants' motion for an extension of time to file a response to the States' and Industry Intervenor ACE NY's motions for preliminary injunction so that the case can move forward promptly with the completion of briefing and preparation of the administrative record.

Respectfully submitted,                                                                                           May 15, 2025

| LETITIA JAMES<br>*Attorney General of New York* | ANDREA JOY CAMPBELL<br>*Attorney General of Massachusetts* |
|---|---|
| By: */s/ Michael J. Myers*<br>Michael J. Myers\*<br>  *Senior Counsel*<br>Laura Mirman-Heslin\*<br>Rene F. Hertzog\*<br>  *Assistant Attorneys General*<br>Environmental Protection Bureau<br>The Capitol<br>Albany, NY 12224<br>(518) 776-2382<br>Michael.Myers@ag.ny.gov<br><br>*Counsel for the State of New York* | By: */s/ Turner H. Smith*<br>Turner H. Smith, BBO No. 684750<br>  *Assistant Attorney General & Deputy Chief*<br>Nathaniel Haviland-Markowitz\*\*<br>  *Assistant Attorney General*<br>Jonathan Whitney, BBO No. 694760<br>  *Special Assistant Attorney General*<br>Energy and Environment Bureau<br>Office of the Attorney General<br>1 Ashburton Pl.<br>Boston, MA  02108<br>(617) 963-2277<br>Turner.Smith@mass.gov<br><br>*Counsel for the Commonwealth of Massachusetts* |

| | |
|---|---|
| **KRISTIN K. MAYES**<br>  *Attorney General of Arizona*<br><br>By: */s/ Mary M. Curtin*<br>Mary M. Curtin*<br>  *Senior Litigation Counsel*<br>Arizona Attorney General's Office<br>2005 North Central Avenue<br>Phoenix, AZ 85004<br>(602) 542-3333<br>Mary.Curtin@azag.gov<br><br>*Counsel for the State of Arizona* | **ROB BONTA**<br>  *Attorney General of California*<br><br>By: */s/ Kate M. Hammond*<br>Kate M. Hammond*<br>  *Deputy Attorney General*<br>Robert Swanson*<br>  *Acting Supervising Deputy Attorney General*<br>Jamie Jefferson*<br>  *Deputy Attorney General*<br>Office of the Attorney General<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013<br>(213) 269-6531<br>Kate.Hammond@doj.ca.gov<br>Robert.Swanson@doj.ca.gov<br>Jamie.Jefferson@doj.ca.gov<br><br>*Counsel for the State of California* |
| **PHILIP J. WEISER**<br>  *Attorney General of Colorado*<br><br>By: */s/ Carrie Noteboom*<br>Carrie Noteboom*<br>  *Assistant Deputy Attorney General*<br>Jessica L. Lowrey*<br>  *First Assistant Attorney General*<br>Ralph L. Carr Judicial Center<br>1300 Broadway, 10th Floor<br>Denver, CO  80203<br>(720) 508-6288 (Noteboom)<br>(720) 508-6167 (Lowrey)<br>Carrie.Noteboom@coag.gov<br>Jessica.Lowrey@coag.gov<br>FAX: (720) 508-6040<br><br>*Counsel for the State of Colorado* | **WILLIAM TONG**<br>  *Attorney General of Connecticut*<br><br>By: */s/ Jill Lacedonia*<br>Jill Lacedonia*<br>  *Assistant Attorney General*<br>165 Capitol Avenue<br>Hartford, CT 06106<br>(860) 808-5250<br>Jill.Lacedonia@ct.gov<br><br>*Counsel for the State of Connecticut* |

**KATHLEEN JENNINGS**
   *Attorney General of Delaware*

By: /s/ *Ian R. Liston*
Ian R. Liston**
   *Director of Impact Litigation*
Vanessa L. Kassab**
   *Deputy Attorney General*
Ralph Durstein III**
   *Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
Ian.Liston@delaware.gov

*Counsel for the State of Delaware*

**BRIAN L. SCHWALB**
   *Attorney General of the District of Columbia*

By: /s/ *Estefania Y. Torres Paez*
Estefania Y. Torres Paez, BBO No. 705952
   *Assistant Attorney General*
Office of the Attorney General
for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
Estefania.TorresPaez@dc.gov

*Counsel for the District of Columbia*

**KWAME RAOUL**
   *Attorney General of Illinois*

By: /s/ *Jason E. James*
Jason E. James*
   *Assistant Attorney General*
Office of the Attorney General
Environmental Bureau
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
Jason.James@ilag.gov

*Counsel for the State of Illinois*

**AARON M. FREY**
   *Attorney General of Maine*

By: /s/ *Robert Martin*
Robert Martin*
   *Assistant Attorney General*
6 State House Station
Augusta, ME 04333
(207) 626-8579
Robert.Martin@maine.gov

*Counsel for the State of Maine*

**ANTHONY G. BROWN**
   *Attorney General of Maryland*

By: /s/ *Steven J. Goldstein*
Steven J. Goldstein*
   *Assistant Attorney General*
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

*Counsel for the State of Maryland*

**DANA NESSEL**
   *Attorney General of Michigan*

By: /s/ *Lucas Wollenzien*
Lucas Wollenzien**
Michael Moody**
   *Assistant Attorneys General*
Michigan Department of Attorney General
P.O. Box 30755
Lansing, MI 48909
(517) 335-7627
WollenzienL@michigan.gov
Moodym2@michigan.gov

*Counsel for the People of the State of Michigan*

6

**KEITH ELLISON**
   *Attorney General for the State of Minnesota*

By: */s/* Catherine Rios-Keating
Catherine Rios-Keating*
   *Special Assistant Attorney General*
Environmental and Natural Resources Division
445 Minnesota Street, Suite 1800
Saint Paul, MN 55101
(651) 300-7302
Catherine.Rios-Keating@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

**RAÚL TORREZ**
   *Attorney General of New Mexico*

By: */s/ William Grantham*
William Grantham**
   *Assistant Attorney General*
408 Galisteo Street
Santa Fe, NM 87501
(505) 717-3520
wgrantham@nmdoj.gov

*Counsel for the State of New Mexico*

**MATTHEW J. PLATKIN**
   *Attorney General for the State of New Jersey*

By: */s/ Terel L. Klein*
Terel L. Klein**
   *Deputy Attorney General*
Office of the Attorney General
25 Market Street, 7th Floor
Trenton, NJ 08625
(609) 376-2818
Terel.Klein@law.njoag.gov

*Counsel for the State of New Jersey*

**DAN RAYFIELD**
   *Attorney General of Oregon*

By: */s/ Paul Garrahan*
Paul Garrahan*
   *Attorney-in-Charge*
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

*Counsel for the State of Oregon*

| | |
|---|---|
| **PETER F. NERONHA**<br>   *Attorney General of Rhode Island*<br><br>By: */s/ Nicholas M. Vaz*<br>Nicholas M. Vaz, BBO No. 693629<br>   *Special Assistant Attorney General*<br>Office of the Attorney General<br>Environmental and Energy Unit<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400 ext. 2297<br>nvaz@riag.ri.gov<br><br>*Counsel for the State of Rhode Island* | **NICHOLAS W. BROWN**<br>   *Attorney General of Washington*<br><br>By: */s/ Yuriy Korol*<br>Yuriy Korol*<br>   *Assistant Attorney General*<br>Washington Attorney General's Office<br>Environmental Protection Division<br>800 5th Ave Ste. 2000 TB-14<br>Seattle, WA 98104-3188<br>(206) 332-7098<br>Yuriy.Korol@atg.wa.gov<br><br>*Counsel for the State of Washington* |

*\*admitted pro hac vice*
*\*\*pro hac vice application forthcoming*

**CERTIFICATE OF SERVICE & RULE 7.1 CERTIFICATION**

I, Michael J. Myers, certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

/s/ <em>Michael J. Myers</em><br>
Michael J. Myers