UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Boston)

No. 1:25-cv-11221-WGY

STATE OF NEW YORK, et al,
          Plaintiffs

vs.

DONALD J. TRUMP, in his official capacity
as President of the United States, et al,
          Defendants

*********

For Hearing Before:
Judge William G. Young

Preliminary Injunction

United States District Court
District of Massachusetts (Boston.)
One Courthouse Way
Boston, Massachusetts 02210
Thursday, June 5, 2025

*******

REPORTER: RICHARD H. ROMANOW, RPR
Official Court Reporter
United States District Court
One Courthouse Way, Room 5510, Boston, MA 02210
rhr3tubas@aol.com

A P P E A R A N C E S


TURNER SMITH, ESQ.
NATHANIEL-HAVILAND-MARKOWITZ, ESQ.
   Massachusetts Attorney General's Office
   McCormack Building
   One Ashburton Place
   Boston, MA 02108
   (617) 963-2784
   E-mail: Turner.smith@mass.gov
and
MICHAEL MYERS, ESQ.
RENE HERTZOG, ESQ.
   NYS Office of the Attorney General
   Environmental Protection Bureau
   The Capital
   Albany, NY, 12224
   (518) 776-2382
   Email: Michael.myers@ag.ny.gov
   For Plaintiffs


JAMES MICHAEL AUSLANDER, ESQ.
BROOK DETTERMAN, ESQ.
   Beveridge & Diamond, P.C.
   1900 N Street NW
   Suite 100
   Washington, DC 20036
   (202) 789-6009
   Email: Jauslander@bdlaw.com
   For Intervenor Plaintiff Alliance for Clean Energy NY


MICHAEL KEITH ROBERTSON, ESQ.
   DOJ-Enrd
   150 M Street NE
   Washington, DC 20002
   (202) 305-9609
   Email: Michael.robertson@usdoj.gov
   For Defendants

P R O C E E D I N G S

(Begins, 11:00 a.m.)

THE CLERK:  Civil Action 25-11221, the State of New York, et al versus Donald J. Trump, et al.

THE COURT:  Good morning.  Would counsel introduce themselves, starting with the plaintiffs.

MS. SMITH:  Good morning, your Honor, Turner Smith, Assistant Attorney General, the Massachusetts Attorney General's office, here representing the State plaintiffs.

THE COURT:  Good morning.

MR. MYERS:  Good morning, your Honor, Michael Myers, the United States Attorney General's Office, on behalf of the State plaintiffs as well.

THE COURT:  Good morning.

MR. HAVILAND-MARKOWITZ:  Good morning.  Nathaniel Haviland-Markowitz with the Massachusetts Attorney General's Office.

MS. HERTZOG:  Good morning.  Rene Hertzog with the New York State Attorney General's Office.

THE COURT:  Good morning to you two.

MR. AUSLANDER:  Good morning, your Honor, Jim Auslander, Beveridge & Diamond, for the Intervenor Plaintiff ACE New York.

THE COURT:  Good morning.

MR. DETTERMAN:  Good morning, your Honor.  Also with Beveridge & Diamond, for ACE New York, Brook Detterman.

THE COURT:  And, yes, ma'am?

MS. WELLS:  Rene Wells with ACE New York.

THE COURT:  And I thank you.

And for the public official?

MR. ROBERTSON:  Good morning, your Honor, Michael Robertson.

THE COURT:  Good morning.

I've authorized internet access to this proceeding and if anyone is observing it via the internet, I remind you that the rules of court remain in full force and effect, that is to say there is no taping, streaming, rebroadcast, screen shots, or other transcription of these proceedings.

With that stated, would counsel approach the bench.  We don't need this on the record.

(Off the record sidebar.)

THE COURT:  The matter is before the Court on the plaintiffs' -- the plaintiffs' and intervenor's motions for preliminary injunction.  The matters are fully briefed, I've reviewed the fairly-extensive record.

Pursuant to Federal Rule of Civil Procedure 65(a), the Court now collapses further hearing on the motion

for a preliminary injunction with trial on the merits. Now having said that, um, let me frame things a little bit and then I do want to hear from you.

Collapsing preliminary injunctions with trial on the merits is frequently the case in this court, and in the other cases against like public officials in this administration, in each of those cases I have followed that procedure for what I think are strong prudential reasons. This is not in any way, um, to occasion delay, but to move promptly, indeed immediately, to the merits.

Now in other cases when I've done this, everyone is here, everyone is ready, and we've looked at the opposition to the motions for a preliminary injunction as a motion to dismiss, without the necessity of filing additional papers. In each of those other cases where that has occurred, the Court, with the agreement of the parties, has so treated the papers, listened immediately to the argument, taken the matter under advisement, and I hope it's perceived, um, expeditiously has ruled on the motion, and in each of those cases, though maybe the case was trimmed somewhat, um, there was standing, the other elements were filled, there were matters to be either tried on an administrative record or tried with live testimony.

In this case, I tell you, and I have not prejudged

it in any way, um, I am prepared to treat the oppositions to the motion for a preliminary injunction as a motion to dismiss, if you agree, and I'm prepared to hear them this morning.  But I want to tell you that I urge you not to adopt that route, and in an effort to be transparent, to tell you, as far as I can honestly, what I'm thinking about when I come on the bench.

So here's why I urge you to -- after you've heard me, if you do want to treat these as a motion to dismiss -- and clearly the matter's been adequately briefed to be treated in that fashion, um, we can agree upon a date a few days away to entertain that argument.  And here's why.

Inevitably, if we get to oral argument today, or when we get to oral argument, I'm going to be asking, with more specificity than the plaintiffs have given me, what are the statutory violations here, specifically what are the statutory violations?  What specific section.  Not regulation.  I understand it's a regulatory scheme, I understand what Congress has set up, but where have any of the public officials in this cause actually violated a statute that is mandatory and not prefatory?  I need some important help on that. Maybe you could give it to me today, if you want.  But I tell you I have problems with that.

Second, I'm not clear, again looking at the claims, that, um, I understand what the specific harm is.  I -- I have looked at the record, I've prepared for this argument, I understand and I've looked at the intervenor's position, the impact, the economic impact on a -- what I always thought was an important industry. I understand that.  But in the context of litigation, um, I -- I need, I think, some more specificity as to what are the specific harms to specific projects in specific states that -- because they're not all alike here, and I need help on that.

But beyond that -- and I'm going to make an assumption here, and I use my words advisedly, um, it would appear, both from the record and from the President's public statements, that he's opposed, as a matter of policy, to offshore, um, wind farm energy generation.  I think that's indisputable.

Now that's the President of the United States, and this is a licensing -- you know it's a licensing situation, and the power of the license is the power to withhold a license.

Now I've read the materials, I understand the appeals of pretext here and the evidence is overwhelmingly the other way, um, I understand the arguments, but -- and to the plaintiffs, you're going to

have to tell me, either this morning or at some date -- address more than has been addressed, the issue of redressability.

You see at the end of the day the question is are the requisite licenses, which are necessary in order to go forward with a project or projects of this sort, are those licenses going to issue from the requisite, um, federal governmental authorities?  And if they're not, um -- and I'm being as practical as I know how to be, the best justice I could do in this case is say so and, anticipating an appeal, allow you, on a record that goes entirely the plaintiffs' way -- because I have to take every well-pleaded fact for the plaintiffs -- and don't take that as a "that's what I think I'm going to do," take it as a warning that maybe we ought not go forward today.  And when I say a "short postponement," I mean next week.  And I'm just trying to focus you here.

Now let me look -- it's not inappropriate to say that, um, while we were talking at the sidebar about other matters, government counsel, quite appropriately said, "Well we'd like to hear what the Court has to say."  Well now you've heard it.  And to talk to the public officials -- of course if we treat this as a motion to dismiss rather than get into what I think are subsidiary questions where -- they're certainly

arguable, but where the public official appeared to have a harder time, um, you're going to be facing a record where I'm going to take all of this, as they've alleged, as fact. So I can't just treat briefs that were filed for another purpose, as a motion to dismiss, unless you both agree. And, um, make no mistake about it, if I treat it as a motion to dismiss, I will take every well-pleaded fact as if they could prove it.

And I understand you to say, "Well ultimately it boils down to matters of policy, that's not for you, Judge," you properly say that, "and, um, so we ought bring this matter to an end." Maybe so. Just understand this, um, as I know you do. So keep that in mind. I've talked my talk. Let me turn to the plaintiffs.

When I say, do you want to take a deep breath now and decide whether we want to treat this as a motion to dismiss this morning, or next week -- I'm thinking of next week, that's as far as -- so what do you think?

MS. SMITH: Yes, your Honor, we would like the opportunity to confer with our other State plaintiffs and would welcome the opportunity to revisit the case next week, as you suggest.

THE COURT: All right.

What does the government think? I call them

"public officials" because they're picked out that way.

MR. ROBERTSON:  Of course, your Honor.

Your Honor, I think -- because of some of the key issues that you hit on this morning, and I think we hit on it in our brief, there's some precursor questions where I think a motion to dismiss would be appropriate, and we're ready to argue those issues now.  I don't know if an extra week is going to necessarily change things. But of course we will defer to your Honor and your wishes.

THE COURT:  Well let me ask this, because I'm not trying to crowd anyone into a position.  They say they're okay with next week, indeed they'd like next week.  You say, well, you'd like to argue today, or at least as to part of it today.  But in my mind's thinking, again as practically as I can, um, maybe we can answer the question now.

Are you -- representing these public officials in the government, are you ready to have the Court treat the matter as a motion to dismiss?

MR. ROBERTSON:  Yes, your Honor, we would be prepared for that.

THE COURT:  All right.  All right.  The Clerk's going to suggest a time next week.  We'll see if it's convenient.  And, um, now that the agree that I may

treat it as a motion to dismiss, I have a little more to say and we'll reconvene.

Is next week too soon?  You're the ones who want it -- you want injunctive relief.  And if I say "No, we're going to have injunctive relief with trial on the merits," that is not in the least intended to slow it down.  So I'm thinking argument next week.

Is that all right?

MS. SMITH:  We absolutely appreciate the need for -- or the Court's suggestion for expedition here, and that is what we're looking for.  Of course your Honor has raised some questions, on the merits, that we would like to discuss with our co-plaintiffs, and so --

THE COURT:  And believe me, I'm eager to hear oral argument.  Don't think when I say, "You've got to help me," is all -- is any more than the words say.  I'm asking.

Okay, so next week is all right with you.  I really -- yeah, I work for Ms. Belmont, who schedules everything and manages the cases.

How does next week suit?

MR. ROBERTSON:  Next week is fine, your Honor.

THE COURT:  All right.

MR. ROBERTSON:  One caveat to this discussion, I will say, is that we think this is fine, um, converting

this to a motion to dismiss, so long as it resolves all of the claims in granite, your Honor.  If there are -- we think it does.  But if your Honor were to find some remaining claims somewhere, I think we would still want to brief those, at the motion to dismiss stage, to the extent they haven't been presented and wouldn't be addressed by your Honor's ruling on the motion to dismiss.

THE COURT:  Well, um, I think what you said I agree with completely, I just don't think you can do it in a motion to dismiss.  But let's say you won in part and lost in part, losing simply means I would -- again appreciative of the need for expedition, I would immediately, um, like immediately schedule a case-management conference and say, "Well, you know, so there's going to have to be a record, so isn't the record -- doesn't it consist of the following?"  Or, um, I mean some of the claims that sweep very broadly say "unconstitutional law making."  Well I -- how are we going to -- how are you -- I haven't asked them, we'll see after a motion to dismiss, but I'm going to say, "Well how are you going to prove that?"  And they'll tell me and you'll respond.

Does that answer your question?

MR. ROBERTSON:  That does, your Honor.

THE COURT:  So you'll either win or get a case-management conference.

You're okay with that?

(Laughter.)

MR. ROBERTSON:  Those two outcomes are, um -- I prefer one, but those two outcomes work.

THE COURT:  Understood.

MR. ROBERTSON:  I think your Honor has kind of nailed the process here and we're kind of envisioning --

THE COURT:  Well process is something that District Courts wrestle with.

Okay, just so we're all clear -- well we'll let the Clerk actually suggest a time and place.

THE CLERK:  Wednesday, June 11th at 11:00 a.m.

THE COURT:  How does that suit?

MS. SMITH:  I believe that's fine, your Honor.

THE COURT:  How does that suit?

MR. ROBERTSON:  That's fine, your Honor.

THE COURT:  The same time, but next Wednesday at 11:00.

I'm not going to have hour-long arguments, um, but I will be prepared, and I want to give you a full hearing.  Treating it as a motion to dismiss, the government -- it isn't a matter of proof, it's a matter of the legal framework, the government will argue first.

Both the States and the intervenor may argue, but we're not giving more time to the mass of you here than the gallant gentleman who stands alone at the other table. So we'll give you equal time.

I will probably -- well I'll say it right out. Hope always springs eternal that the parties might reach accord as to some or all of the issues. I'll probably take the matter under advisement. I may say, "Well I'm taking it under advisement, but maybe I'll have something to tell you at 2:00." And at that time, having heard the arguments, and having heard my questions, you may then say -- and I'm not encouraging this now, but I am trying to spin out the procedure this way or that way, you may then say, "Well hold off, let us talk," and the likelihood is that I would. At the same time, you really both have to agree to that. If one side says, "No, we'll hear what the old guy has to say," then you'll have to hear it. In any event, this is going to require a written opinion and I have that very much in mind.

So Wednesday at 11:00. Does anyone have any question about any procedural, rather than substantive matter? And turning to the States.

MS. SMITH: Yes, your Honor, and just briefly.

Just to clarify. That the hearing that's

scheduled for the 11th is on a motion to dismiss, namely treating defendants' opposition as a motion to dismiss?

THE COURT:  That's the record I'm going to rule on.

MS. SMITH:  Yes, thank you for the clarification.

THE COURT:  And at an appropriate time.

MS. SMITH:  And if, um, after conferring with our co-plaintiffs, um, we wish to amend our complaint or file a full-length brief in response to that opposition, may we do so?

THE COURT:  Yes, but time is of the essence and, um --

MS. SMITH:  Understood.

THE COURT:  -- sooner is better.  I am afforded the help of very fine law clerks.  We are working.

MS. SMITH:  Yes, and I appreciate the clarification, your Honor.

THE COURT:  But, yes, file what you want in the way of argument.

The intervenor, any questions?

MR. AUSLANDER:  No, your Honor.  Thank you.

THE COURT:  And the public official, any questions?

MR. ROBERTSON:  No, your Honor.

THE COURT:  Thank you.

I, um -- this runs so contrary to what I just said, but I mean it personally, that I look forward to working with you -- in every case, but these cases as much as any.  It's a tripartite effort, um, on the part of zealous advocates ably and professionally advocating their clients' positions and the judge reaching out together for justice.  It always is that.  And so I look forward to working with you all.  Good to see you.

Yes?

MR. ROBERTSON:  One thought, your Honor.

As we're talking through this, and what my colleague mentions, that they need to confer to figure out their next step, but I heard about filing an amended complaint.  And I guess if that happens, the government reserves the right to file --

THE COURT:  You needn't state it, but of course.

MR. ROBERTSON:  Okay.

THE COURT:  If that happened.

And again, the usual case -- if you get this case you get -- I was taught, you're responding to it, "Oh, Geez, if you file a motion to dismiss, it only teaches the other side what's the matter with the case."  What you want to do is wait until the final pretrial conference, that's when the judge is most interested in narrowing things down and saying this claim is no good,

that claim is no good, and the like, so long as you preserve that.  That's what I hear you say.  I understand that.

If they file an amended complaint, I'm going to look at the amended complaint, but, um, then maybe I really have to give you a chance to deal with an amended complaint.  But they have the right -- and collapsing things doesn't take anybody's rights away at all.  If this survives a motion to dismiss, one can conceive of motions for summary judgment.  One can at least conceive -- beyond the Administrative Procedure Act, of discovery.  All things of which the Court is familiar.

But this started out as a motion for a preliminary injunction.  It's absolutely on the front burner, and I know you all treat it that way, as will I.  So we're going to do everything expeditiously.  But no one has lost any rights by the simple procedural step I've taken today.  Neither side.  And I thank you.

All right.

MR. ROBERTSON:  Thank you.

And, your Honor, just to be clear then, you know the government is prepared for June 11th to proceed at 11:00 a.m. on -- it will be a motion to dismiss to the current complaint, and the intervenor's complaint.  Should that landscape change in the interim, um, the

government's ability to respond may need to change, if they file an amended complaint.

THE COURT:  As Judge Selya used to say, "That's superogatory," which means you didn't have to say that. I understand that.

MR. ROBERTSON:  Thank you, your Honor.

THE COURT:  And if you think that further saves your rights, fine.  But we'll all be here, inside the bar, at 11:00 next Wednesday.  I will be prepared, on the record I now have, to entertain argument on a motion to dismiss.  If the landscape changes, we will discuss the then-present landscape.

Thank you all.  We'll recess.

THE CLERK:  All rise.

(Ends, 11:30 a.m.)

C E R T I F I C A T E

I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do hereby certify that the forgoing transcript of the record is a true and accurate transcription of my stenographic notes, before Judge William G. Young, on Thursday, June 5, 2025, to the best of my skill and ability.

/s/ Richard H. Romanow 06-10-25
_____
RICHARD H. ROMANOW   Date