**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 1:25-cv-11221-WGY |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8 and the Court's July 10, 2025, Order allowing an amended case schedule, Dkt. 164, Defendants the United States Department of the Interior, Department of Commerce, Environmental Protection Agency, and Army Corps of Engineers and their named subagencies, Secretaries, and Directors ("Defendants"), respond to the allegations in Plaintiffs State of New York, et al.'s, ("Plaintiffs") First Amended Complaint, Dkt. 141, as set forth below.

**RESPONSES TO FIRST AMENDED COMPLAINT ALLEGATIONS**

Paragraph numbers in this Answer correspond to those in Plaintiffs' First Amended Complaint. Defendants do not specifically respond to section headings, subheadings, or footnotes, but to the extent those elements expressly or implicitly include substantive factual or legal allegations, Defendants deny those allegations.

1

On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by

Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his

official capacity as President of the United States, the Department of Agriculture, the Department

of Energy, and the Department of the Treasury and their named Secretaries, and dismissed

Plaintiffs' Counts III, IV, and V.  Accordingly, any allegations, whether specific or general, in the

First Amended Complaint pertaining to the dismissed Defendants or Plaintiffs' dismissed claims

do not warrant a response and are otherwise denied consistent with the Court's tentative ruling

and Memorandum and Order.  Defendants' responses are provided below:

1.   The allegations in Paragraph 1 constitute Plaintiffs' characterization of the case, to which

no response is required. To the extent a response is required, Defendants deny the

allegations and deny any unlawful decision-making.

2.   The allegations in the first sentence of Paragraph 2 purport to characterize Presidential

Memorandum titled Temporary Withdrawal of All Areas on the Outer Continental Shelf

from Offshore Wind Leasing and Review of the Federal Government's Leasing and

Permitting Practices for Wind Projects, 90 Fed. Reg. 8363 (Jan. 29, 2025) (Wind Memo),

which speaks for itself and is the best evidence of its content. To the extent the allegations

in the first sentence of Paragraph 2 are inconsistent with the referenced memo,

Defendants deny the allegations. The allegations in the second sentence of Paragraph 2

constitute Plaintiffs' characterization of the case, to which no response is required. To the

extent a response is required, Defendants deny the allegations.

3.   The allegations in Paragraph 3 purport to quote and characterize the Wind Memo, which

speaks for itself and is the best evidence of its content. To the extent the allegations in

Paragraph 3 are inconsistent with the referenced memo, Defendants deny the allegations.

4.    The allegations in Paragraph 4 are vague and ambiguous as to the development and energy projects in question, and therefore, Defendant lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

5.    Defendants admit the President's Wind Memorandum and Executive Order declaring a National Energy Emergency were issued on the same day.  The remaining allegations in Paragraph 5 purport to quote and characterize Executive Order 14156, Declaring a National Energy Emergency ("Energy Emergency Order") and Executive Order 14154, Unleashing American Energy ("Unleashing Order"), which speak for themselves and are the best evidence of their content. To the extent the allegations in Paragraph 5 are inconsistent with the referenced executive orders, Defendants deny the allegations.

6.    Defendants deny that all permitting activities have ceased.  The remaining allegations in Paragraph 6 purport to characterize an Order issued on April 16, 2025, by the Bureau of Ocean Energy Management which speaks for itself and is the best evidence of its content; to the extent the remaining allegations are inconsistent with the referenced order, Defendnants deny the allegations.

7.    The allegations in Paragraph 7 are vague and ambiguous regarding the energy project in question and Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

8.    Defendants deny the allegations in Paragraph 8.

9.    The allegations in the first, second, third, fifth, sixth, and seventh sentences of Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.  The allegations in the fourth sentence of Paragraph 9 purport to quote a report from the Department of Energy, which speaks for

3

itself and is the best evidence of its contents. To the extent the allegations in the fourth sentence of Paragraph 9 are inconsistent with the referenced report, Defendants deny the allegations.

10. The allegations in Paragraph 10 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

11. The allegations in Paragraph 11 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

12. Defendants deny the allegations in the first sentence of Paragraph 12. The allegations in the second sentence of Paragraph 12 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants admit that plaintiffs are seeking declaratory relief and vacatur but deny the remaining allegations and deny any unlawful action.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22.     Defendants admit the allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants admit the allegations in the first sentence of Paragraph 24.  The allegations in the second sentence of Paragraph 24 purport to characterize a Michigan state law which speaks for itself and is the best evidence of its contents.  To the extent that allegations in the second sentence of Paragraph 24 are inconsistent with the referenced statute, they are denied.

25.     Defendants admit the allegations in Paragraph 25.

26.     Defendants admit the allegations in Paragraph 26.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants admit the allegations in the first sentence of Paragraph 28. As to the second sentence, Defendants admit that the Attorney General is the chief law enforcement officer of Oregon and aver that Dan Rayfield is the Attorney General of Oregon.

29.     Defendants admit the allegations in Paragraph 29.

30.     Defendants admit the allegations in Paragraph 30.

31.     On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the allegations in Paragraph 31 do not warrant a response and are otherwise denied consistent with the Court's tentative ruling and Memorandum and Order.

32.     Defendants admit that Donald J. Trump is the President of the United States.  On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and

Order, Dkt. 162, the Court dismissed Defendant Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the remaining allegations in Paragraph 32 do not warrant a response and are otherwise denied consistent with the Court's tentative ruling and Memorandum and Order.

33. On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, Defendant denies that the Defendants include all federal agencies and departments responsible for implementation of the Wind Directive.

34. Defendants admit that the Department of the Interior is an executive department within the Executive Branch. The remaining allegations in Paragraph 34 purport to characterize provisions in the United States Code and a Secretarial Order which speak for themselves and are the best evidence of their content; to the extent the allegations in Paragraph 34 are inconsistent with the referenced provisions, Defendants deny the allegations.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36 and aver that Matthew Giacona is the Acting Director of BOEM and is being sued in his official capacity as Acting Director of BOEM.

37. Defendants admit that Jon Raby is BLM's Nevada State Director but aver that Mr. Raby is no longer exercising the delegated authorities of the BLM Director.

38.    Defendants admit that Paul Souza is the Regional Director, Pacific Southwest Region, exercising the delegated authority of the Director, U.S. Fish & Wildlife Service and sued in his official capacity.

39.    Defendants admit the Department of Commerce is an executive department within the Executive Branch.  The remaining allegations in Paragraph 39 purport to characterize a provision of the United State Code which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced provision, they are denied.

40.    Defendants admit that the National Oceanic and Atmospheric Administration ("NOAA") is an operating unit within the Department of Commerce and that the National Marine Fisheries Service ("NMFS") is a line office within NOAA.  The remaining allegations in Paragraph 40 purport to characterize a provision of the United States Code which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the referenced provision, they are denied.

41.    Defendants admit the allegations in Paragraph 41.

42.    Defendants admit that Laura Grimm is the Chief of Staff performing the duties of Under Secretary of Commerce for Oceans and Atmosphere and NOAA Administrator and sued in her official capacity.

43.    Defendants admit that Eugenio Piñeiro Soler is the Assistant Administrator and head of NOAA Fisheries and sued in his official capacity.

44.    Defendants admit the allegations in Paragraph 44.

45.    Defendants admit the allegations in Paragraph 45.

46.    Defendants admit that the Environmental Protection Agency is an agency within the Executive Branch.  The remaining allegations in Paragraph 46 purport to characterize a provision in the United States Code which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced provision, they are denied.

47.    Defendants admit the allegations in the first and second sentences of Paragraph 47.  The remaining allegations in Paragraph 47 is a provision in the United States Code which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced provision, they are denied.

48.    On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the allegations in Paragraph 48 do not warrant a response.  To the extent a response is required, Defendants admit the Department of Agriculture is an executive department within the Executive Branch and otherwise deny the allegations consistent with the Court's tentative ruling and Memorandum and Order.

49.    On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the allegations in Paragraph 49 do not warrant a response.  To the extent a response is required, Defendants admit that Brooke Rollins is the Secretary of Agriculture

and otherwise deny the allegations consistent with the Court's tentative ruling and Memorandum and Order.

50.   On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the allegations in Paragraph 50 do not warrant a response. To the extent a response is required, Defendants admit the Department of Energy is an executive department within the Executive Branch and otherwise deny the allegations consistent with the Court's tentative ruling and Memorandum and Order.

51.   On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the allegations in Paragraph 51 do not warrant a response. To the extent a response is required, Defendants admit that Chris Wright is the Secretary of Energy and otherwise deny the allegations consistent with the Court's tentative ruling and Memorandum and Order.

52.   On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the allegations in Paragraph 52 do not warrant a response. To the extent a

response is required, Defendants admit the Department of the Treasury is an executive department within the Executive Branch and otherwise deny the allegations consistent with the Court's tentative ruling and Memorandum and Order.

53.   On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries. Accordingly, the allegations in Paragraph 53 do not warrant a response.  To the extent a response is required, Defendants admit that Scott Bessent is the Secretary of the Treasury and otherwise deny the allegations consistent with the Court's tentative ruling and Memorandum and Order.

54.   The allegations in Paragraph 54 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

55.   The allegations in Paragraph 55 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that venue is proper but deny any remaining allegations.

56.   The allegations in Paragraph 56 are vague and ambiguous as to the statutes and regulations in question, and therefore, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56 and deny them on that basis.

57.   The allegations in Paragraph 57 purport to characterize various federal statutes which speak for themselves and are the best evidence of their contents.  To the extent the

allegations in Paragraph 57 are inconsistent with the referenced statutes, Defendants deny the allegations.

58.    The allegations in Paragraph 58 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

59.    The allegations in Paragraph 59 purport to characterize and quote the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 59 are inconsistent with the referenced statute, Defendants deny the allegations.

60.    The allegations in Paragraph 60 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 60 are inconsistent with the referenced statute, Defendants deny the allegations.

61.    The allegations in Paragraph 61 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 61 are inconsistent with the referenced regulations, Defendants deny the allegations.

62.    The allegations in Paragraph 62 purport to characterize OCSLA which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 62 are inconsistent with OCSLA, Defendants deny the allegations.

63.    The allegations in Paragraph 63 purport to characterize the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 63 are inconsistent with the referenced statute, Defendants deny the allegations.

64.     The allegations in Paragraph 64 purport to characterize a regulation implementing the CWA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 64 are inconsistent with the referenced regulation, Defendants deny the allegations.

65.     The allegations in Paragraph 65 purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 65 are inconsistent with the referenced statute, Defendants deny the allegations.

66.     The allegations in Paragraph 65 purport to characterize a regulation implementing the CWA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 65 are inconsistent with the referenced regulation, Defendants deny the allegations.

67.     The allegations in Paragraph 67 purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 67 are inconsistent with the referenced statute, Defendants deny the allegations.

68.     The allegations in Paragraph 68 purport to characterize regulations implementing the CWA, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 68 are inconsistent with the referenced regulations, Defendants deny the allegations.

69.     The allegations in Paragraph 69 purport to characterize the Rivers and Harbors Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 69 are inconsistent with the referenced statute, Defendants deny the allegations.

70.    The allegations in Paragraph 70 purport to characterize OCSLA which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 70 are inconsistent with the referenced statute, Defendants deny the allegations.

71.    The allegations in Paragraph 71 purport to characterize the Corps' regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 71 are inconsistent with the referenced regulations, Defendants deny the allegations.

72.    The allegations in Paragraph 72 purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 72 are inconsistent with the referenced notice, Defendants deny the allegations.

73.    The allegations in Paragraph 73 purport to characterize the Corps' regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 73 are inconsistent with the referenced regulations, Defendants deny the allegations.

74.    The allegations in Paragraph 74 purport to characterize the Clean Air Act ("CAA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 74 are inconsistent with the referenced statute, Defendants deny the allegations.

75.    The allegations in Paragraph 75 purport to characterize the CAA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 75 are inconsistent with the referenced statute, Defendants deny the allegations.

76.    The allegations in Paragraph 76 purport to characterize the CAA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 76 are inconsistent with the referenced statute or regulations, Defendants deny the allegations.

77.    The allegations in Paragraph 77 purport to characterize the CAA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 77 are inconsistent with the referenced statute, Defendants deny the allegations.

78.    The allegations in Paragraph 78 purport to characterize a regulation implementing the CAA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 78 are inconsistent with the referenced regulation, Defendants deny the allegations.

79.    The allegations in Paragraph 79 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 79 are inconsistent with the referenced statute, Defendants deny the allegations.

80.    The allegations in Paragraph 80 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 80 are inconsistent with the referenced statute, Defendants deny the allegations.

81.    The allegations in Paragraph 81 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

82.    Defendants admit that Congress passed the Fiscal Responsibility Act in 2023. The remaining allegations in Paragraph 82 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the remaining allegations in

Paragraph 82 are inconsistent with the referenced statute, Defendants deny the allegations.

83.    The allegations in Paragraph 83 purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 83 are inconsistent with the referenced statute, Defendants deny the allegations.

84.    The allegations in Paragraph 84 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 84 are inconsistent with the referenced statute, Defendants deny the allegations.

85.    The allegations in Paragraph 85 purport to characterize a regulation implementing the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 85 are inconsistent with the referenced regulation, Defendants deny the allegations.

86.    The allegations in Paragraph 86 purport to characterize a regulation implementing the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 86 are inconsistent with the referenced regulation, Defendants deny the allegations.

87.    The allegations in Paragraph 87 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 87 are inconsistent with the referenced statute, Defendants deny the allegations.

88.    The allegations in Paragraph 88 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 88 are inconsistent with the referenced statute, Defendants deny the allegations.

89.    The allegations in Paragraph 89 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 89 are inconsistent with the referenced statute or regulation, Defendants deny the allegations.

90.    The allegations in Paragraph 90 purport to characterize regulations implementing the ESA, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 90 are inconsistent with the referenced regulation, Defendants deny the allegations.

91.    The allegations in Paragraph 91 purport to characterize the Bald and Gold Eagle Protection Act ("BGEPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 91 are inconsistent with the referenced statute, Defendants deny the allegations.

92.    The allegations in Paragraph 92 purport to characterize the BGEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 92 are inconsistent with the referenced statute or regulation, Defendants deny the allegations.

93.    The allegations in Paragraph 93 purport to characterize regulations implementing the BGEPA, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 93 are inconsistent with the referenced regulation, Defendants deny the allegations.

94.    The allegations in Paragraph 94 purport to characterize a regulation implementing the BGEPA, which speaks for itself and is the best evidence of its contents. To the extent the

allegations in Paragraph 94 are inconsistent with the referenced regulation, Defendants deny the allegations.

95.   The allegations in Paragraph 95 purport to characterize a regulation implementing the BGEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 95 are inconsistent with the referenced regulation, Defendants deny the allegations.

96.   The allegations in Paragraph 96 purport to characterize the Marine Mammal Protection Act ("MMPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 96 are inconsistent with the referenced statute, Defendants deny the allegations.

97.   The allegations in Paragraph 97 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 97 are inconsistent with the referenced statute, Defendants deny the allegations.

98.   The allegations in Paragraph 98 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 98 are inconsistent with the referenced statute, Defendants deny the allegations.

99.   The allegations in Paragraph 99 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 99 are inconsistent with the referenced statute, Defendants deny the allegations.

100.  The allegations in Paragraph 100 purport to characterize a regulation implementing the MMPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 100 are inconsistent with the referenced regulation, Defendants deny the allegations.

101.    The allegations in Paragraph 101 purport to characterize the Magnuson-Stevens Fishery

Conservation and Management Act ("MSA"), which speaks for itself and is the best

evidence of its contents. To the extent the allegations in Paragraph 101 are inconsistent

with the referenced statute, Defendants deny the allegations.

102.    The allegations in Paragraph 102 purport to characterize a regulation implementing the

MSA, which speaks for itself and is the best evidence of its contents. To the extent the

allegations in Paragraph 102 are inconsistent with the referenced regulation, Defendants

deny the allegations.

103.    The allegations in Paragraph 103 purport to characterize a regulation implementing the

MSA, which speaks for itself and is the best evidence of its contents. To the extent the

allegations in Paragraph 103 are inconsistent with the referenced regulation, Defendants

deny the allegations.

104.    The allegations in Paragraph 104 purport to characterize the National Historic

Preservation Act ("NHPA"), which speaks for itself and is the best evidence of its

contents. To the extent the allegations in Paragraph 104 are inconsistent with the

referenced statute, Defendants deny the allegations.

105.    The allegations in Paragraph 105 purport to characterize the NHPA, which speaks for

itself and is the best evidence of its contents. To the extent the allegations in Paragraph

105 are inconsistent with the referenced statute, Defendants deny the allegations.

106.    The allegations in Paragraph 106 purport to characterize Federal Land Policy and

Management Act ("FLPMA"), which speaks for itself and is the best evidence of its

contents. To the extent the allegations in Paragraph 106 are inconsistent with the

referenced statute, Defendants deny the allegations.

107.    The allegations in Paragraph 107 purport to characterize FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 107 are inconsistent with the referenced statute or regulations, Defendants deny the allegations.

108.    The allegations in Paragraph 108 purport to characterize FLPMA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 108 are inconsistent with the referenced statute, Defendants deny the allegations.

109.    The allegations in Paragraph 109 purport to characterize FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 109 are inconsistent with the referenced statute or regulations, Defendants deny the allegations.

110.    The allegations in Paragraph 110 purport to characterize the Fixing America's Surface Transportation Act ("FAST Act"), which speaks for itself and is the best evidence of its contents. To thextent the allegations in Paragraph 110 are inconsistent with the referenced statute, Defendants deny the allegations.

111.    The allegations in Paragraph 111 purport to characterize the FAST Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 111 are inconsistent with the referenced statute, Defendants deny the allegations.

112.    The allegations in Paragraph 112 purport to characterize the FAST Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 112 are inconsistent with the referenced statute, Defendants deny the allegations.

113.    The allegations in Paragraph 113 are vague and ambiguous regarding the energy projects in question, and Defendants deny them on that basis.

114.     The allegations in Paragraph 114 are vague and ambiguous regarding the date of the purported statements, and Defendants deny them on that basis.

115.     Federal Defendants admit that the American Recovery and Reinvestment Act was passed in 2009. The remaining allegations in Paragraph 115 are vague and ambiguous regarding the bases for the alleged tripling and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

116.     Defendants deny the allegations in Paragraph 116 and aver that from January 2017 to January 2021 BOEM held offshore wind lease auctions, granted offshore wind leases, and engaged in environmental review of construction and operations plans for offshore wind projects.

117.     Defendants deny the allegations in Paragraph 117 and aver that President Biden signed the Inflation Reduction Act of 2022, P.L. 117-169.

118.     The allegations in Paragraph 118 are vague and ambiguous regarding the energy projects in question, and Defendants deny them on that basis.

119.     The allegations in Paragraph 119 purport to characterize various documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 119 are inconsistent with the referenced documents, Defendants deny the allegations.

120.     The allegations in Paragraph 120 purport to characterize various documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 120 are inconsistent with the referenced documents, Defendants deny the allegations.

121.    The allegations in Paragraph 121 purport to characterize various documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 121 are inconsistent with the referenced documents, Defendants deny the allegations.

122.    The allegations in Paragraph 122 purport to characterize various judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 122 are inconsistent with the referenced opinions, Defendants deny the allegations.

123.    The allegations in Paragraph 123 are vague and ambiguous, and Defendants deny them on that basis.

124.    The allegations in Paragraph 124 purport to characterize a BLM publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 124 are inconsistent with the referenced publication, Defendants deny the allegations.

125.    The allegations in Paragraph 125 purport to characterize a BLM publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 125 are inconsistent with the referenced publication, Defendants deny the allegations.

126.    The allegations in Paragraph 126 purport to characterize various judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 126 are inconsistent with the referenced opinions, Defendants deny the allegations.

127.    The allegations in Paragraph 127 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 127 are inconsistent with the referenced memo, Defendants deny the allegations.

128.    The allegations in Paragraph 128 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 128 are inconsistent with the referenced memo, Defendants deny the allegations.

129.    The allegations in Paragraph 129 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 129 are inconsistent with the referenced memo, Defendants deny the allegations.

130.    The allegations in Paragraph 130 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 130 are inconsistent with the referenced memo, Defendants deny the allegations.

131.    The allegations in Paragraph 131 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 131 are inconsistent with the referenced memo, Defendants deny the allegations.

132.    The allegations in Paragraph 132 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 132 are inconsistent with the referenced memo, Defendants deny the allegations.

133.    The allegations in Paragraph 133 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 133 are inconsistent with the referenced memo, Defendants deny the allegations.

134.    The allegations in Paragraph 134 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 134 are inconsistent with the referenced memo, Defendants deny the allegations.

135.    The allegations in Paragraph 135 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 135 are inconsistent with the referenced memo, Defendants deny the allegations.

136.    The allegations in Paragraph 136 purport to characterize the Wind Memo and other Executive Orders and actions. The Wind Memo speaks for itself and is the best evidence of its content, while the remaining allegations are vague and ambiguous as to the Executive Orders and actions referenced and therefore, to the extent the allegations in Paragraph 136 are inconsistent with the Wind Memo, Defendants deny the allegations, and to the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny them on that basis.

137.    The allegations in Paragraph 137 purport to characterize the Wind Memo and other Executive Orders.  The Wind Memo speaks for itself and is the best evidence of its content, while the remaining allegations are vague and ambiguous as to the Executive Orders referenced and therefore, to the extent the allegations in Paragraph 137 are inconsistent with the Wind Memo, Defendants deny the allegations, and to the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny them on that basis.

138.    The allegations in Paragraph 138 purport to characterize the Energy Emergency Order, which speaks for itself and is the best evidence of its contents. To the extent the

allegations in Paragraph 138 are inconsistent with the referenced order, Defendants deny the allegations.

139. The allegations in Paragraph 139 purport to characterize and quote Executive Order 14154, Unleashing American Energy ("Unleashing Order"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 139 are inconsistent with the referenced executive order, Defendants deny the allegations.

140. The allegations in Paragraph 140 purport to quote and characterize Executive Order 14262, Strengthening the Reliability and Security of the National Electric Grid ("Grid Reliability Order") and Executive Order 14261, Reinvigorating America's Beautiful Clean Coal Industry and Amending Executive Order 14241 ("Reinvigorating Coal Order"), which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 140 are inconsistent with the referenced executive orders, Defendants deny the allegations.

141. The allegations in the first sentence of Paragraph 141 purport to characterize various Executive Orders and a Presidential Proclamation, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 141 are inconsistent with the referenced executive orders and proclamation, Defendants deny the allegations. The allegations in the second sentence of Paragraph 141 purport to characterize a Department of the Interior press release, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 141 are inconsistent with the referenced press release, Defendants deny the allegations.

142.    Defendants admit that they have adopted and implemented the temporary cessation directive in Section 2 of the Wind Memo.  Defendants deny the remaining allegation in Paragraph 142.

143.    Defendants admit that they have temporarily ceased issuing new or renewed approvals in accordance with the Wind Memo pending the completion of a comprehensive assessment and review of Federal wind leasing and permitting practices and deny the remaining allegation in Paragraph 143.

144.    The allegations in Paragraph 144 are vague and ambiguous as to the projects in question, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and Defendants deny them on that basis.

145.    The allegations in Paragraph 145 purport to characterize a Secretary's Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 145 are inconsistent with the referenced order, Defendants deny the allegations.

146.    The allegations in Paragraph 146 are vague and ambiguous as to the project and developer in question, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and deny them on that basis.

147.    The allegations in Paragraph 147 purport to characterize a FWS notice on its website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 147 are inconsistent with the referenced notice, Defendants deny the allegations.

148.    The allegations in Paragraph 148 purport to characterize a BOEM notice on its website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 148 are inconsistent with the referenced notice, Defendants deny the allegations.

149.    The allegations in Paragraph 149 purport to characterize the FAST-41 dashboard for the SouthCoast Wind project, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 149 are inconsistent with the referenced dashboard, Defendants deny the allegations.

150.    The allegations in Paragraph 150 purport to characterize a BOEM notice on its website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 150 are inconsistent with the referenced notice, Defendants deny the allegations.

151.    The allegations in Paragraph 151 purport to characterize a BOEM notice on its website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 151 are inconsistent with the referenced notice, Defendants deny the allegations.

152.    Defendants aver that on January 29, 2025, the Corps issued an email to its Division Program Mangers and Technical Regional Execution Centers concerning permits and other approvals for 168 renewable energy projects. Defendants further aver that, on February 6, 2025, the Corps issued another email to its Division Program Mangers and Technical Regional Execution Centers concerning those 168 renewable energy projects. Those emails speak for themselves and are the best evidence of their contents. To the extent the allegations in the first and second sentences of Paragraph 152

are inconsistent with those emails, they are denied.  In response to the third sentence of Paragraph 152, Defendants admit that they have temporarily ceased issuing new or renewed approvals and other authorizations for the Arthur Kill Terminal in accordance with the Wind Memo and deny the remaining allegations in the third sentence of Paragraph 152.

153.    The allegations in Paragraph 153 purport to characterize a Federal Permitting Improvement Steering Council Executive Director Determination memorandum for the SouthCoast Wind project, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 153 are inconsistent with the referenced memorandum, Defendants deny the allegations.

154.    The allegations in Paragraph 154 purport to characterize an Environmental Protection Agency filing with the Environmental Appeals Board, as well as an Environmental Appeals Board order, which both speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 154 are inconsistent with the referenced documents, Defendants deny the allegations.

155.    The allegations in Paragraph 155 purport to characterize a Department of the Interior memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 155 are inconsistent with the referenced memorandum, Defendants deny the allegations.

156.    The allegations in Paragraph 156 purport to characterize an order, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 156 are inconsistent with the referenced order, Defendants deny the allegations.

157.    The allegations in Paragraph 157 are vague and ambiguous as to the statements purportedly made by Defendants that only cite the Wind Directive, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny them on that basis.

158.    The allegations in Paragraph 158 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

159.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 159 and deny the allegations on that basis.

160.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 160 and deny the allegations on that basis.

161.    The allegations in Paragraph 161 purport to characterize a Department of Energy publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 161 are inconsistent with the referenced publication, Defendants deny the allegations.

162.    The allegations in Paragraph 162 purport to characterize a Department of Energy publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 162 are inconsistent with the referenced publication, Defendants deny the allegations.

163.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 163 and deny the allegations on that basis.

164.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 164 and deny the allegations on that basis.

165.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 165 and deny the allegations on that basis.

166.    The allegations in Paragraph 166 purport to characterize a Department of Energy publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 166 are inconsistent with the referenced publication, Defendants deny the allegations.

167.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 167 and deny the allegations on that basis. The allegations in the second sentence of Paragraph 167 purport to characterize a Department of Energy publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 167 are inconsistent with the referenced publication, Defendants deny the allegations.

168.    The allegations in Paragraph 168 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, the allegations in Paragraph 168 are vague and ambiguous as to the referenced investments, projects, and effects in question, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny them on that basis.

169.    Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 169 and deny them on that basis.  Defendants deny the allegations in the second sentence of Paragraph 169.

170.    The allegations in paragraph 170 characterize New York's 2019 Climate Leadership and Community Protection Act ("Climate Act"), which speaks for itself and is the best

evidence of its contents. To the extent the allegations in Paragraph 170 are inconsistent with the referenced statute, Defendants deny the allegations.

171. The allegations in paragraph 171 characterize New York's Climate Act which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 171 are inconsistent with the referenced statute, Defendants deny the allegations.

172. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 172 and deny the allegations on that basis.

173. The allegations in the first sentence of Paragraph 173 are vague and ambiguous as to the energy projects in question, and Defendants deny them on that basis. The allegations in the second sentence of Paragraph 173 purport to characterize the Climate Act Scoping Plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations in that sentence are inconsistent with the referenced plan, Defendants deny the allegations.

174. The allegations in Paragraph 174 are vague and ambiguous as to the energy projects in question, and Defendants deny the allegations on that basis.

175. Defendants admit the allegations in the first and second sentences of Paragraph 175. The allegations in the third sentence of Paragraph 175 are vague and ambiguous as to the refenced state of operation, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and Defendants deny them on that basis.

176. Defendants admit the allegations in the first sentence of Paragraph 176. The allegations in the second, third, and fourth sentences of Paragraph 176 are vague and ambiguous as to the referenced power generation and state of development, and therefore, Defendants

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and Defendants deny them on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 176 and deny the allegations on that basis.

177. Defendants admit the allegations in the first, second, third, fifth, and sixth sentences of Paragraph 177. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 177 and deny the allegations on that basis. The allegations in the seventh sentence of Paragraph 177 are vague and ambiguous as to the timing and status of operations, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and Defendants deny them on that basis.

178. The allegations in Paragraph 178 purport to characterize an order, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 178 are inconsistent with the referenced order, Defendants deny the allegations.

179. The allegations in Paragraph 179 are vague and ambiguous as to the energy projects in question and Defendants deny them on that basis.

180. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 180 and deny the allegations on that basis.

181. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 181 and deny the allegations on that basis.

182. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 182 and deny the allegations on that basis.

183.    The allegations in the first sentence of Paragraph 183 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 183 are vague and ambiguous as to the role played by the referenced facility and Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and Defendants deny them on that basis. The allegations in the fourth sentence of Paragraph 183 purport to characterize the contents of a Federal Register notice, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the fourth sentence of Paragraph 183 are inconsistent with the referenced notice, Defendants deny the allegations.

184.    Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and third sentences of Paragraph 184 and deny them on that basis.  Defendants deny the allegations in the second sentence of Paragraph 184.

185.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 185 and deny the allegations on that basis.

186.    The allegations in Paragraph 186 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

187.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 187 and deny the allegations on that basis.

188.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 188 and deny the allegations on that basis.

189.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 189 and deny the allegations on that basis.

190.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 190 and deny the allegations on that basis.

191.    The allegations in the first sentence of Paragraph 191 are vague and ambiguous as to the benefits referenced, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny them on that basis. The allegations in the second sentence of Paragraph 191 purport to characterize a NYISO-commissioned analysis, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the second sentence of Paragraph 191 are inconsistent with the referenced analysis, Defendants deny the allegations.

192.    The allegations in Paragraph 192 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

193.    The allegations in Paragraph 193 constitute Plaintiffs' speculation as to the future impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

194.    The allegations in Paragraph 194 purport to characterize Massachusetts state laws, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 194 are inconsistent with the referenced state laws, Defendants deny the allegations.

195.    The allegations in the first sentence of Paragraph 195 purport to characterize a Massachusetts state law, which speaks for itself and is the best evidence of its content. To

the extent the allegations in the first sentence of Paragraph 195 are inconsistent with the referenced state law, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195, and Defendants deny them on that basis.

196.    Defendants admit that Vineyard Wind 1 is a project offshore the Commonwealth of Massachusetts.  The remaining allegations in the first sentence and second sentence of Paragraph 196 are vague and ambiguous as to the timing and extent of future energy generation and Plaintiffs' characterization of the energy produced, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and deny them on that basis.

197.    Defendants admit the allegations in the first sentence of Paragraph 197.  Defendants admit SouthCoast Wind received an approved Construction and Operations Plan and deny the remaining allegations in the second sentence of Paragraph 197.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 197 and deny them on that basis.  The allegations in the fourth sentence of Paragraph 197 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

198.    Defendants admit the allegations in the first sentence of Paragraph 198 and admit that the referenced project has obtained federal permits.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence and the third sentence of Paragraph 198 and deny the allegations on that basis.

199.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and Defendants deny them on that basis.

200.    The allegations in Paragraph 200 are vague and ambiguous as to the potential projects in question and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

201.    Defendants deny the allegations in Paragraph 201.

202.    The allegations in Paragraph 202 purport to characterize an ISO-NE publication, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 202 are inconsistent with the referenced publication, Defendants deny the allegations.

203.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 203 and deny the allegations on that basis.

204.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 204 and deny the allegations on that basis.

205.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 205 and deny the allegations on that basis.

206.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 206 and deny the allegations on that basis.

207.    The allegations in Paragraph 207 purport to characterize an ISO-NE publication, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 207 are inconsistent with the referenced publication, Defendants deny the allegations.

208.    The allegations in Paragraph 208 purport to characterize an ISO-NE publication, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 208 are inconsistent with the referenced publication, Defendants deny the allegations.

209.    The allegations in Paragraph 209 purport to characterize an ISO-NE publication, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 209 are inconsistent with the referenced publication, Defendants deny the allegations.

210.    The allegations in Paragraph 210 purport to characterize an ISO-NE publication, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 210 are inconsistent with the referenced publication, Defendants deny the allegations.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 212 and deny the allegations on that basis.

213.    Defendants deny the allegations in Paragraph 213.

214.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 214 and deny the allegations on that basis.

215.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 215 and deny the allegations on that basis.  The allegations in the second sentence of Paragraph 215 also purport to characterize a paper which speaks for itself and is the best evidence of its content.  To the extent the allegations in paragraph 215 are inconsistent with the referenced paper, Defendants deny the allegations.

216.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 216 and deny the allegations on that basis.

217.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 217 and deny the allegations on that basis.

218.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 218 and deny the allegations on that basis.

219.    Defendants admit that the Bureau of Reclamation is currently planning to conduct a NEPA review of Forged Ethic's request to interconnect to a transmission system partially owned by the Bureau, but deny any remaining allegation in Paragraph 219.

220.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 220 and deny the allegations on that basis.

221.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 221 and deny the allegations on that basis.

222.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 222 and deny the allegations on that basis.

223.    The allegations in Paragraph 223 are vague and ambiguous as to what many benefits are being referenced, and Defendants deny them on that basis.

224.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 224 regarding California's wind energy generation and deny the allegations on that basis.

225.    The allegations in Paragraph 225 purport to characterize California's 100 Percent Clean Energy Act of 2018 (SB 100) and Clean Energy, Jobs, and Affordability Act (SB 1020), which speak for themselves and are the best evidence of their contents. To the extent the

allegations in Paragraph 225 are inconsistent with the referenced state laws, Defendants deny the allegations.

226.    The allegations in the first sentence of Paragraph 226 purport to characterize the California Global Warming Solutions Act of 2006 (SB 32), which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph 226 are inconsistent with the referenced state law, Defendants deny the allegations. The allegations in the second sentence of Paragraph 226 purport to characterize the California Climate Crisis Act AB 1279), which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 226 are inconsistent with the referenced state law, Defendants deny the allegations.

227.    The allegations in paragraph 227 purport to characterize California state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 227 are inconsistent with the referenced state law, Defendants deny the allegations.

228.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 228 regarding California's renewable electricity resources, resource costs, and electricity system and deny the allegations on that basis.

229.    Defendants admit the allegations in Paragraph 229.

230.    The allegations in Paragraph 230 purport to characterize Community Benefit Agreements (CBAs), which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 230 are inconsistent with the referenced CBAs, Defendants deny the allegations.

231.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 231 and deny the allegations on that basis.

232.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 232 and deny the allegations on that basis.

233.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 233 and deny the allegations on that basis.

234.    The allegations in Paragraph 234 purport to characterize various BOEM notices on its website, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 234 are inconsistent with the referenced notices, Defendants deny the allegations.

235.    The allegations in Paragraph 235 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

236.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 236 and deny the allegations on that basis. The remaining allegations in Paragraph 236 purport to characterize Colorado state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 236 are inconsistent with the referenced state law, Defendants deny the allegations.

237.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 237 and deny the allegations on that basis.

238.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 238 and deny the allegations on that basis.

239.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 239 and deny the allegations on that basis.

240.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 240 and deny the allegations on that basis.

241.    The allegations in Paragraph 241 purport to characterize Connecticut state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 241 are inconsistent with the referenced state law, Defendants deny the allegations.

242.    The allegations in Paragraph 242 purport to characterize Connecticut state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 242 are inconsistent with the referenced state law, Defendants deny the allegations.

243.    The allegations in Paragraph 243 purport to characterize Connecticut state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 243 are inconsistent with the referenced state law, Defendants deny the allegations.

244.    Defendants admit the allegations in the first and second sentences of Paragraph 244. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 244 and deny the allegations on that basis.

245.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 245 and deny the allegations on that basis.

246.    The allegations in Paragraph 246 purport to characterize Connecticut state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in

Paragraph 246 are inconsistent with the referenced state law, Defendants deny the allegations.

247. The allegations in the first sentence of paragraph 247 are vague and ambiguous as to the work and advancements referenced, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and deny them on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247 and deny them on that basis.

248. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248, and Defendants deny the allegations on that basis.

249. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, and Defendants deny the allegations on that basis.

250. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 250 and deny the allegations on that basis.

251. Defendants admit the Connecticut State Pier Terminal is supporting the referenced projects but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 251, and Defendants deny the allegations on that basis.

252. Defendants deny the allegations in Paragraph 252.

253. Defendants deny the allegations in Paragraph 253.

254. Defendants deny the allegations in Paragraph 254.

255. Defendants deny the allegations in Paragraph 255.

256. The allegations in Paragraph 256 purport to characterize Delaware state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in

Paragraph 256 are inconsistent with the referenced state law, Defendants deny the allegations.

257. The allegations in paragraph 257 purport to characterize Delaware state law and the findings of the Delaware General Assembly, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 257 are inconsistent with the referenced state law or findings, Defendants deny the allegations.

258. The first sentence of Paragraph 258 is vague and ambiguous as to the nature and timing of the referenced infrastructure, and therefore, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 258 and deny the allegations on that basis. Defendants admit the allegations in the second sentence of Paragraph 258. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 258 and deny the allegations on that basis.

259. The allegations in the first and second sentences of Paragraph 259 purport to characterize the District of Columbia's RPS, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first and second sentences of Paragraph 259 are inconsistent with the referenced RPS, Defendants deny the allegations. The allegations in the third sentence of Paragraph 259 purport to characterize the Clean Energy D.C. Omnibus Amendment Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph 259 are inconsistent with the referenced act, Defendants deny the allegations. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 259 regarding energy projects within PJM and deny the allegations on that basis.

260.　The allegations in Paragraph 260 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

261.　Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 261 and deny the allegations on that basis.

262.　Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 262 and deny the allegations on that basis.

263.　The allegations in Paragraph 263 purport to characterize Illinois state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 263 are inconsistent with the referenced state law, Defendants deny the allegations.

264.　The allegations in Paragraph 264 purport to characterize Illinois state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 264 are inconsistent with the referenced state law, Defendants deny the allegations.

265.　The allegations in Paragraph 265 purport to characterize Illinois state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 265 are inconsistent with the referenced state law, Defendants deny the allegations.

266.　Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 266 and deny the allegations on that basis.

267.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 267 and deny the allegations on that basis.

268.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 268 and deny the allegations on that basis.

269.    The allegations in Paragraph 269 purport to characterize Illinois state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 269 are inconsistent with the referenced state law, Defendants deny the allegations.

270.    The allegations in Paragraph 270 purport to characterize Maine state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 270 are inconsistent with the referenced state law, Defendants deny the allegations.

271.    The allegations in Paragraph 271 purport to characterize a Maine state RPS which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 271 are inconsistent with the referenced RPS, Defendants deny the allegations.

272.    The allegations in Paragraph 272 purport to characterize the Maine Wind Energy Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 272 are inconsistent with the referenced state statute, Defendants deny the allegations.

273.    The allegations in Paragraph 273 purport to characterize the State of Maine Renewable Energy Goals Market Assessment, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 273 are inconsistent with the referenced market assessment, Defendants deny the allegations.

274.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 274 regarding Maine's renewable energy generation and deny the allegations on that basis.

275.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 275 regarding the status of Maine's onshore wind resources and deny the allegations on that basis.

276.    The allegations in the first sentence of Paragraph 276 purport to characterize the Maine Wind Energy Plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph 276 are inconsistent with the referenced plan, Defendants deny the allegations. The remaining allegations in Paragraph 276 purport to characterize a technical report titled, Maine Pathways to 2024: Analysis and Insights, which speaks for itself and is the best evidence of its contents. To the extent the remaining allegations in Paragraph 276 are inconsistent with the referenced technical report, Defendants deny the allegations.

277.    The allegations in Paragraph 277 purport to characterize the Maine state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 277 are inconsistent with the referenced state law, Defendants deny the allegations.

278.    The allegations in Paragraph 278 purport to characterize Maine Public Utilities Commission's April 2025 Request for Information ("RFI"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 278 are inconsistent with the referenced RFI, Defendants deny the allegations.

279.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279, and Defendants deny the allegations on that basis.

280.    The allegations in Paragraph 280 purport to characterize An Act Regarding the Procurement of Offshore Wind Energy Resources, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 280 are inconsistent with the referenced act, Defendants deny the allegations.

281.    The allegations in the first and second sentences of Paragraph 281 purport to characterize the Maine Wind Energy Plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first and second sentences of Paragraph 281 are inconsistent with the referenced plan, Defendants deny the allegations. The allegations in the third sentence of Paragraph 281 purport to characterize the Maine Economic Development Strategy, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence are inconsistent with the referenced strategy, Defendants deny the allegations.

282.    The allegations in the first two sentences of Paragraph 282 purport to characterize an ISO-NE study titled, 2050 Transmission Study: Offshore Wind Analysis, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 282 are inconsistent with the referenced study, Defendants deny the allegations.  The allegations in the third sentence are vague and ambiguous and Defendants deny them on that basis.

283.    Defendants admit the allegations in Paragraph 283.

284.    Defendants deny the allegations in the first sentence of Paragraph 284, and aver that BOEM issued an offshore wind research lease to the state of Maine. Defendants lack

information or knowledge sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentence of Paragraph 284 and deny the allegations on that basis. The allegations in the fifth sentence of Paragraph 284 purport to characterize a Procedural Order Suspending Negotiations, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the fifth sentence of Paragraph 284 are inconsistent with the referenced order, Defendants deny the allegations.

285.    Defendants admit that BOEM executed commercial offshore-wind leases in the Gulf of Maine in December 2024. The remaining allegations in the first sentence of Paragraph 285 are vague and ambiguous with respect to what "extensive stakeholder engagement and analysis" means, and Defendants deny them on that basis. Defendants admit the remaining allegations in Paragraph 285.

286.    The allegations in the Paragraph 286 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

287.    The allegations in the Paragraph 287 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

288.    The allegations in Paragraph 288 purport to characterize the Climate Solutions Now Act of 2022, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 288 are inconsistent with the referenced state statute, Defendants deny the allegations.

289.    The allegations in the first sentence of Paragraph 289 purport to characterize Maryland's Offshore Wind Energy Act of 2013, which speaks for itself and is the best evidence of its

contents. To the extent the allegations in the first sentence of Paragraph 289 are inconsistent with the referenced state statute, Defendants deny the allegations. The allegations in the second sentence of Paragraph 289 purport to characterize the Clean Energy Jobs Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 289 are inconsistent with the referenced state statute, Defendants deny the allegations. The allegations in the third sentence of Paragraph 289 purport to characterize the Promoting Offshore Wind Energy Resources (POWER) Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph 289 are inconsistent with the referenced state statute, Defendants deny the allegations.

290.    The allegations in Paragraph 290 purport to characterize the Promoting Offshore Wind Energy Resources (POWER) Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 290 are inconsistent with the referenced state statute, Defendants deny the allegations.

291.    Defendants admit the allegations in the first sentence of Paragraph 291.  With respect to the second sentence of Paragraph 291, Defendants deny that the Maryland Offshore Wind Project is a "leaseholder."  The remaining allegations in the second sentence of Paragraph 291 are vague and ambiguous as to what "Construction and Operation Permit" incorporates, and Defendants deny them on that basis. Defendants admit the Maryland Offshore Wind Project is a wind energy project located offshore the State of Maryland. The remaining allegations in the third sentence of Paragraph 291 are vague and ambiguous as to the future production of energy and its location, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in the third sentence and deny them on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 291 regarding the amount spent by the project developer and deny the allegations on that basis.

292.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 292 regarding the project's "economic benefit" and "direct in-state expenditures," and deny the allegations on that basis.

293.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 293 and deny the allegations on that basis.

294.     Defendants deny the allegations in Paragraph 294.

295.     The allegations in Paragraph 295 purport to characterize Michigan state law, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 295 are inconsistent with the referenced state law, Federal Defendants deny the allegations.

296.     The allegations in the first sentence of Paragraph 296 are vague and ambiguous with respect to what "a key wintertime resource" means, and Defendants deny them on that basis. The allegations in the second sentence of Paragraph 296 are vague and ambiguous as to what "any new resource type" incorporates, and Defendants deny them on that basis.

297.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 regarding Michigan's electricity generation, consumption, and development, and deny them on that basis.

298.    The allegations in the first sentence of Paragraph 298 purport to characterize utility filings in the state of Michigan, which speak for themselves and are the best evidence of their contents. To the extent the allegations in the first sentence of Paragraph 298 is inconsistent with the referenced utility filings, Defendants deny the allegations. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 298 and deny the allegations on that basis. The allegations in the third sentence of paragraph 298 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

299.    The allegations in Paragraph 299 purport to characterize Minnesota state law, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 299 are inconsistent with the referenced state law, Defendants deny the allegations.

300.    The allegations in Paragraph 300 purport to characterize the Minnesota Climate Action Framework ("Framework"), which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 300 are inconsistent with the referenced framework, Defendants deny the allegations.

301.    The allegations in the first sentence of Paragraph 301 purport to characterize the Framework, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the first sentence of Paragraph 301 are inconsistent with the referenced framework, Defendants deny the allegations. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 301 regarding Minnesota's renewable energy generation from wind and deny the allegations on that basis.

302. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 302 regarding Minnesota's "in-state generation from wind" and deny the allegations on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 302 regarding Minnesota's transition away from fossil fuels and deny the allegations on that basis.

303. The allegations in the first sentence of Paragraph 303 are vague and ambiguous with respect to what "best wind resources" means, and Defendants deny them on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 303 regarding the location of wind farms in Minnesota and deny the allegations in the second sentence on that basis.

304. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 304 regarding income supplemented to Minnesota "agricultural counties and communities," and deny the allegations in Paragraph 304 on that basis.

305. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 305 and deny the allegations on that basis.

306. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 306 and deny the allegations on that basis.

307. The allegations in the first sentence of Paragraph 307 are vague and ambiguous with respect to "higher sea-level rise than elsewhere," and Defendants deny them on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the

allegations in the second and fourth sentences of Paragraph 307 and deny the allegations on that basis. The allegations in the third sentence of Paragraph 307 purport to characterize the Global Warming Response Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph 307 are inconsistent with the referenced Act, Defendants deny the allegations.

308.    The allegations in Paragraph 308 purport to characterize the Offshore Wind Economic Development Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 308 are inconsistent with the referenced Act, Federal Defendants deny the allegations.

309.    The allegations in Paragraph 309 purport to characterize New Jersey Executive Order No. 307, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 309 are inconsistent with the referenced executive order, Defendants deny the allegations.

310.    Defendants admit that BOEM has issued leases to three wind projects offshore New Jersey.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 310, and Defendants deny them on that basis.  Defendants deny the allegations in the second sentence of Paragraph 310 and aver that Atlantic Shores South's OCS air permit was remanded to EPA Region 2 by the EPA Environmental Appeals Board. Defendants deny the allegations in the third sentence and aver that Attentive Energy submitted a COP to BOEM.

311.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 311 and deny the allegations on that basis.

312.    The allegations in Paragraph 312 are vague and ambiguous as to what "seven other projects" have OCS leases but not NJBPU approvals and which other OCS sites BOEM considered for possible leasing, and Defendants deny them on that basis.

313.    Defendants deny the allegations in Paragraph 313.

314.    Defendants deny the allegations in the first sentence of Paragraph 314.  With respect to the allegations in the second sentence of Paragraph 314, Defendants admit that Atlantic Shores submitted a revised application for a Clean Air Act permit on June 24, 2024 and the EPA granted a permit on September 30, 2024 but that permit was prevented from becoming final because the permit was timely appealed to the EPA Environmental Appeals Board, and deny the remaining allegations in the second sentence of Paragraph 314.  Defendants deny the allegations in the third sentence of Paragraph 314.  The fourth, fifth, sixth, and seventh sentences purport to characterize documents submitted to, or issued by, the EPA Environmental Appeals Board, all of which speak for themselves and are the best evidence of their contents.  Defendants deny these allegations to the extent they are inconsistent with those documents.

315.    The allegations in the first three sentences of Paragraph 315 purport to characterize Atlantic Shores' Petition titled In re Petition Atlantic Shores of Atlantic Shores Offshore Wind Project 1, LLC Seeking Consent of the Board to Seek to Terminate the OREC Order in Connection with its 1,509.6 MW Qualified Offshore Wind Project ("Petition"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first three sentences of Paragraph 315 are inconsistent with the referenced petition, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 315 constitute Plaintiffs' speculation as to the impact of the Wind

Memo to which no response is required. To the extent a response is required, Defendants deny the allegations.

316. The allegations in Paragraph 316 purport to characterize Atlantic Shores' Petition which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 316 are inconsistent with the referenced petition, Defendants deny the allegations.

317. The allegations in the first and third sentences of Paragraph 317 purport to characterize Atlantic Shores' Petition which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 317 are inconsistent with the referenced petition, Defendants deny the allegations. The allegations in the second sentence of Paragraph 317 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in the second sentence of Paragraph 317 are vague and ambiguous as to what is meant by "stand in the way" and Defendants deny them on that basis.

318. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 318 regarding the financial commitments of Atlantic Shores and deny them on that basis. The allegations in the fourth and fifth sentences of Paragraph 318 purport to characterize the NJBPU Order approving Atlantic Shores' project, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the fourth and fifth sentences of Paragraph 318 are inconsistent with the referenced order, Defendants deny the allegations. The allegations in the sixth and seventh sentences of Paragraph 318 constitute Plaintiffs' speculation as to the impact of the Wind Memo and the remanded Clean Air Act Permit

("Permit"), to which no response is required. To the extent a response is required, Defendants deny the allegations.

319. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 319 regarding the financial commitments of Invenergy Wind Offshore, LLC and deny the allegations in Paragraph 319 on that basis.

320. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 320 regarding the financial commitments of Attentive Energy, LLC and deny the allegations in Paragraph 320 on that basis.

321. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 321 and deny the allegations on that basis. The allegations in the second sentence of Paragraph 321 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

322. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 322 and deny them on that basis.

323. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 323 and deny them on that basis.

324. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 324 and deny them on that basis.

325. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 325 and deny the allegations on that basis.

326. The allegations in the first and second sentences of Paragraph 326 are vague and ambiguous as what is meant by "important" and "particularly susceptible," and

Defendants deny them on that basis. The allegations in the third and fourth sentences of Paragraph 326 purport to characterize New Mexico state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third and fourth sentences of Paragraph 326 are inconsistent with the referenced state law, Defendants deny the allegations.

327.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 327 and deny the allegations on that basis.

328.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence and the first clause of the second sentence of Paragraph 328 and deny the allegations on that basis. Defendants deny the second clause of the second sentence in Paragraph 328. The allegations in the third sentence of Paragraph 328 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

329.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 329 and deny the allegations on that basis. The allegations in the second sentence of Paragraph 329 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

330.    The allegations in Paragraph 330 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

331.    Defendants deny the allegations in Paragraph 331.

332. The allegations in Paragraph 332 purport to characterize Oregon state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 332 are inconsistent with the referenced state law, Defendants deny the allegations.

333. The allegations in the first sentence of Paragraph 333 purport to characterize Oregon's RPS, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph 333 are inconsistent with the RPS, Defendants deny the allegations. The allegations in the second, third, and fourth sentences of Paragraph 333 purport to characterize Oregon state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second, third, and fourth sentences of Paragraph 333 are inconsistent with the referenced state law, Defendants deny the allegations.

334. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 334 and deny the allegations on that basis.

335. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 335 and deny the allegations on that basis.

336. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 336 and deny the allegations on that basis. The allegations in the third sentence of Paragraph 336 purport to characterize Oregon state law, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the third sentence of Paragraph 336 are inconsistent with the referenced state law, Defendants deny the allegations.

337.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 337 and deny them on that basis.

338.    The allegations in the first sentence of Paragraph 338 are vague and ambiguous as to what is meant by "long history," and Defendants deny them on that basis. Defendants deny the allegations in the second sentence of Paragraph 338 and aver that all of the turbines for the Block Island Wind Farm are located in the state of Rhode Island and a permitted cable connecting Block Island to the state of Rhode Island crosses federal waters over the Outer Continental Shelf. Defendants admit the allegations in the third sentence of Paragraph 338.

339.    The allegations in Paragraph 339 purport to characterize Rhode Island's clean-energy portfolio, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 339 are inconsistent with the referenced portfolio, Defendants deny the allegations.

340.    Defendants admit that the Revolution Wind project is anticipated to deliver energy to the States of Rhode Island and Connection. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 340 and deny the allegations on that basis.

341.    Defendants admit that the SouthCoast Wind project is anticipated to deliver energy to the State of Rhode Island and the Commonwealth of Massachusetts.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 341 and deny the allegations on that basis.

342.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 342 and deny the allegations on that basis.

The allegations in the second and third sentences of Paragraph 342 purport to characterize the 2021 Act on Climate, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second and third sentences of Paragraph 342 are inconsistent with the referenced state statute, Defendants deny the allegations.

343. The allegations in Paragraph 343 purport to characterize Rhode Island's Renewable Energy Standard ("RI RES"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 343 are inconsistent with the referenced standard, Defendants deny the allegations.

344. The allegations in Paragraph 344 purport to characterize and quote the RI RES, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 344 are inconsistent with the referenced standard, Defendants deny the allegations.

345. The allegations in Paragraph 345 purport to characterize and quote the RI RES, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 345 are inconsistent with the referenced standard, Defendants deny the allegations.

346. The allegations in Paragraph 346 purport to characterize and quote Rhode Island's Affordable Clean Energy Security Act ("RI ACES"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 346 are inconsistent with the referenced act, Defendants deny the allegations.

347. The allegations in Paragraph 347 purport to characterize the RI ACES, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 347 are inconsistent with the referenced act, Defendants deny the allegations.

348.    The allegations in the Paragraph 348 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

349.    The allegations in the Paragraph 349 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

350.    The allegations in Paragraph 350 are vague and ambiguous as to what is meant by "new energy resources," and Defendants deny them on that basis.

351.    The allegations in the Paragraph 351 constitute Plaintiffs' speculation as to the impact of the Wind Memo, to which no response is required. To the extent a response is required, Defendants deny the allegations.

352.    The allegations in Paragraph 352 purport to characterize the Clean Energy Transformation Act ("CETA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 352 are inconsistent with the referenced act, Defendants deny the allegations.

353.    The allegations in Paragraph 353 purport to characterize the Climate Commitment Act ("CCA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 353 are inconsistent with the referenced act, Defendants deny the allegations.

354.    The allegations in the first sentence of Paragraph 354 are vague and ambiguous as to what is meant by "vital," and therefore, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 354 and deny them on that basis. Defendants lack information or knowledge

sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 354 and deny the allegations on that basis.

355.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 355 and deny the allegations on that basis.

356.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 357 and deny the allegations on that basis. Defendants admit the allegations in the second sentence of Paragraph 356.

357.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 357 and deny the allegations on that basis.

358.    Defendants incorporate by reference Paragraphs 1-357 in response to the corresponding paragraphs of Plaintiffs' Amended Complaint.

359.    The allegations in Paragraph 359 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

360.    Defendants admit that they have adopted and implemented the temporary cessation directive in Section 2 of the Wind Memo.  Defendants deny the remaining allegations in Paragraph 360.

361.    The allegations in the first sentence of Paragraph 361 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 361 consist of legal conclusions, to which no response is required, and purport to characterize and quote a court opinion, which speaks for itself and is the best evidence of its contents. To the extent a response is required and to the extent the allegations in the second sentence of

Paragraph 361 are inconsistent with the referenced court opinion, Defendants deny the allegations.

362. The allegations in Paragraph 362 quote the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 362 are inconsistent with the referenced statute, Defendants deny the allegations.

363. The allegations in Paragraph 363 purport to characterize two court opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 363 are inconsistent with the referenced court opinions, Defendants deny the allegations.

364. The allegations in Paragraph 364 purport to characterize a court opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 364 are inconsistent with the referenced court opinion, Defendants deny the allegations.

365. The allegations in Paragraph 365 purport to quote and characterize two court opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 365 are inconsistent with the referenced court opinions, Defendants deny the allegations.

366. The allegations in Paragraph 366 purport to characterize a court opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 366 are inconsistent with the referenced court opinion, Defendants deny the allegations.

367. Defendants deny the allegations in Paragraph 367.

368.  Defendants deny the allegations in Paragraph 368.

369.  The allegations in the first sentence of Paragraph 369 purport to characterize the Wind Memo which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 369 are inconsistent with the referenced Wind Memo, Defendants deny the allegations.  Defendants admit that they follow the law applicable to wind energy project reviews and approvals and defend those positions in courts and otherwise deny the remaining allegations in Paragraph 369.

370.  The allegations in Paragraph 370 purport to characterize the Wind Memo which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 370 are inconsistent with the reference Wind Memo, Defendants deny the allegations.

371.  Defendants deny the allegations in Paragraph 371.

372.  The allegations in Paragraph 372 are vague and ambiguous as the past administrations and statements in question, and Defendants deny them on that basis.

373.  The allegations in Paragraph 373 are vague and ambiguous as to the assessments and approvals in question, and therefore, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 373 and deny the allegations on that basis.

374.  Defendants deny the allegations in Paragraph 374.

375.  Defendants deny the allegations in Paragraph 375.

376.  Defendants deny the allegations in Paragraph 376.

377.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377, and Defendants deny them on that basis.

378.    Defendants deny the allegations in Paragraph 378.

379.    Defendants deny the allegations in Paragraph 379.

380.    Defendants deny the allegations in Paragraph 380.

381.    The allegations in Paragraph 381 purport to characterize various Executive Orders and a
Presidential Proclamation, which speak for themselves and are the best evidence of their
contents. To the extent the allegations in Paragraph 381 are inconsistent with the
referenced executive orders and proclamation, Defendants deny the allegations.

382.    The allegations in Paragraph 382 purport to characterize the Energy Emergency Order,
which speaks for itself and is the best evidence of its contents. To the extent the
allegations in Paragraph 382 are inconsistent with the referenced order or to the extent a
further response is required, Defendants deny the allegations.

383.    Defendants deny the allegations in Paragraph 383.

384.    Defendants deny the allegations in Paragraph 384.

385.    Defendants deny the allegations in Paragraph 385.

386.    Defendants incorporate by reference Paragraphs 1-385 in response to the corresponding
paragraphs of Plaintiffs' Amended Complaint.

387.    The allegations in Paragraph 387 purport to characterize the APA, which speaks for itself
and is the best evidence of its contents. To the extent the allegations in Paragraph 387 are
inconsistent with the referenced statute, Defendants deny the allegations.

388.    The allegations in Paragraph 388 purport to characterize a court opinion, which speaks
for itself and is the best evidence of its contents. To the extent the allegations in
Paragraph 388 are inconsistent with the referenced court opinion, Defendants deny the
allegations.

389.    The allegations in Paragraph 389 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

390.    The allegations in Paragraph 390 consist of legal conclusions, to which no response is required, and purport to characterize a court opinion, which speaks for itself and is the best evidence of its contents. To the extent a response is required and to the extent the allegations are inconsistent with the referenced court opinion, Defendants deny the allegations.

391.    Defendants deny the allegations in Paragraph 391.

392.    The allegations in Paragraph 392 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

393.    Defendants deny the allegations in the first sentence of Paragraph 393. The allegations in the second and third sentences of Paragraph 393 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second and third sentences of Paragraph 393 are inconsistent with the referenced statute, Defendants deny the allegations. The fourth sentence in Paragraph 393 purports to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in the fourth sentence of Paragraph 393 are inconsistent with the referenced regulations, Defendants deny the allegations.

394.    Defendants deny the allegations in Paragraph 394.

395.    The allegations in Paragraph 395 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

396.    The allegations in Paragraph 396 purport to characterize Corps regulations which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 396 are inconsistent with Corps regulations, Defendants deny the allegations.

397.    Defendants deny the allegations in Paragraph 397.

398.    The allegations in the first sentence of Paragraph 398 consist of legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the first sentence of Paragraph 398.  The second sentence of Paragraph 398 purports to characterize the Clean Water Act and its implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 398 are inconsistent with the Clean Water Act and the reference implementing regulations, Defendants deny the allegations.

399.    Defendants deny the allegations in Paragraph 399.

400.    The allegations in the first sentence of Paragraph 400 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The remaining allegations in Paragraph 400 purport to characterize the Rivers and Harbors Act and Corps regulations which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 400 are inconsistent with the Rivers and Harbors Act or Corps regulations, Defendants deny the allegations.

401.    Defendants deny the allegations in Paragraph 401.

402.    The allegations in the first sentence of Paragraph 402 consist of legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the first sentence of Paragraph 402.  The allegations in the second,

third, and fourth sentences purport to characterize the Clean Air Act and EPA implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in the second, third, and fourth sentences of Paragraph 402 are inconsistent with the referenced statute and regulations, Defendants deny the allegations.

403.    The allegations in Paragraph 403 consist of legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 403.

404.    Defendants deny the allegations in the first sentence of Paragraph 404. The allegations in the second sentence purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 404 are inconsistent with the referenced statute, Defendants deny the allegations.

405.    Defendants deny the allegations in Paragraph 405.

406.    The allegations in the first sentence of Paragraph 406 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations. The allegations in the second, third, and fourth sentences of Paragraph 406 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

407.    Defendants deny the allegations in Paragraph 407.

408.    The allegations in the first and second sentences of Paragraph 408 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations. The allegations in the third sentence of Paragraph 406

purport to characterize the BGEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

409.    The allegations in Paragraph 409 consist of legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

410.    The allegations in the first sentence of Paragraph 410 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 410 purport to characterize the MMPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, Defendants deny the allegations.

411.    The allegations in Paragraph 411 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

412.    Defendants deny the allegations in the first sentence of Paragraph 412.  The allegations in the second sentence of Paragraph 412 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations. The remaining allegations in the third and fourth sentences in Paragraph 412 purport to characterize and quote BLM's right-of-way implementing regulations, which speaks for themselves and are the best evidence of their contents. To the extent the allegations in the third and fourth sentences of Paragraph 412 are inconsistent with the referenced regulations, Defendants deny the allegations.

413.    Defendants deny the allegations in Paragraph 413.

414.    Defendants deny the allegations in Paragraph 414.

415.    Defendants deny the allegations in Paragraph 415.

416.    Defendants deny the allegations in Paragraph 416.

417.    Defendants deny the allegations in Paragraph 417.

Pursuant to the Court's July 3, 2025 Order, Plaintiffs' Count III was dismissed and therefore no response to paragraphs 418-423 is needed.

Pursuant to the Court's July 3, 2025 Order, Plaintiffs' Count IV was dismissed and therefore no response to paragraphs 424-430 is needed.

Pursuant to the Court's July 3, 2025 Order, Plaintiffs' Count V was dismissed and therefore no response to paragraphs 431-442 is needed.

The remainder of the allegations in the First Amended Complaint constitute Plaintiffs' Prayer for Relief to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations in the First Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.  Defendants also deny that they have taken any unlawful action as alleged in Plaintiffs' First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.    Plaintiffs' claims fail to state a claim upon which relief can be granted.

3.    Plaintiffs lack standing.

4.    Plaintiffs' claims fail for lack of final agency action.

WHEREFORE, Defendants request that the Court dismiss the First Amended Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 31st day of July 2025.

**ADAM R. F. GUSTAFSON**

Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

 */s/ Michael K. Robertson*

MICHAEL K. ROBERTSON
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202)-305-9609
Email: Michael.Robertson@usdoj.gov

ROBERT P. WILLIAMS
Senior Trial Attorney (DC Bar No. 474730)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0210 | Fax: (202) 305-0275
Email: robert.p.williams@usdoj.gov

KIERAN O'NEIL
Trial Attorney (AK Bar No. 2311132)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Tel: (202) 353-7548
Email: kieran.o'neil@usdoj.gov

*Attorneys for Federal Defendants*