**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>          Plaintiffs,<br>v.<br><br>DONALD J. TRUMP, in his official capacity<br>as President of the United States, *et al.*,<br><br>          Defendants. | Civil Action No. 1:25-cv-11221-WGY |

**DEFENDANTS' ANSWER TO INTERVENOR ALLIANCE FOR**
**CLEAN ENERGY NEW YORK'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8 and the Court's July 10, 2025, Order allowing an amended case schedule, Dkt. 164, Defendants the United States Department of the Interior, Department of Commerce, Environmental Protection Agency, and Army Corps of Engineers and their named subagencies, Secretaries, and Directors ("Defendants"), respond to the allegations in Intervenor Alliance for Clean Energy New York's ("Intervenor") Complaint, Dkt. 114, as set forth below.

**RESPONSES TO COMPLAINT ALLEGATIONS**

Paragraph numbers in this Answer correspond to those in Intervenor's Complaint. Defendants do not specifically respond to section headings, subheadings, or footnotes, but to the extent those elements expressly or implicitly include substantive factual or legal allegations, Defendants deny those allegations.

1

On June 18, 2025, by tentative ruling, Dkts. 157, 159, and on July 3, 2025, by Memorandum and Order, Dkt. 162, the Court dismissed Defendants Donald J. Trump in his official capacity as President of the United States, the Department of Agriculture, the Department of Energy, and the Department of the Treasury and their named Secretaries, and dismissed Intervenor's Counts IV, V, and VI.  Accordingly, any allegations, whether specific or general, in the Complaint pertaining to the dismissed Defendants or Intervenor's dismissed claims do not warrant a response and are otherwise denied consistent with the Court's tentative ruling and Memorandum and Order.  Defendants' responses are provided below:

1. The allegations in the first and third sentences of Paragraph 1 constitute Intervenor's characterization of the case, to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny any unlawful action.  Defendants admit that they have adopted and implemented the temporary cessation directive in Section 2 of the Presidential Memorandum titled Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects, 90 Fed. Reg. 8363 (Jan. 29, 2025) (Wind Memo) and deny the remaining allegations in the second sentence of Paragraph 1.  Defendants deny the allegations in the fourth sentence.

2. The allegations in Paragraph 2 purport to characterize Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 2 are inconsistent with the Wind Memo, Defendants deny the allegations.

3. The allegations in first and third sentences of Paragraph 3 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in those sentences are inconsistent with the referenced memo, Defendants

deny the allegations.  Defendant denies the allegations in the second sentence of Paragraph 2.  The remaining allegations in Paragraph 3 are vague and ambiguous as to the energy projects and parts of the country in question, and Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

4.   The allegations in Paragraph 4 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations, including any allegations of unlawful action.

5.   The allegations in Paragraph 5 consist of legal conclusions, to which no response is required, or they purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent a response is required, Defendants deny the allegations.   Defendants deny any remaining allegations in Paragraph 5, including any allegations of unlawful action.

6.   The allegations in Paragraph 6 consist of legal conclusions, to which no response is required, or they purport to characterize the Wind Memo or the article cited in footnote 1, which speaks for themselves and are the best evidence of their content. To the extent a response is required, Defendants deny the allegations.  Defendants deny any remaining allegations in Paragraph 6, including any allegations of unlawful action.

7.   Defendants deny the allegations in the first sentence of Paragraph 7.  The allegations in second, third, and sixth sentences of Paragraph 7 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in those sentences are inconsistent with the referenced memo, Defendants deny the allegations.  The allegations in the third, fourth, and fifth sentences of Paragraph 7 are

vague and ambiguous regarding the specific research and analyses in question, and Defendants deny them on that basis.

8. The allegations in the first sentence of Paragraph 8 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent the allegations in that sentence are inconsistent with the referenced memo, Defendants deny the allegations.  Defendants admit that federal approvals necessary for wind energy projects often undergo environmental review.  The remaining allegations in the second and third sentences of Paragraph 8 are vague and ambiguous as to the reviews in question, and Defendants deny them on that basis.  The allegations in the fourth sentence of Paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

9. The allegations in the first sentence of Paragraph 9 purport to characterize the Wind Memo or another Executive Order, both of which speak for themselves and are the best evidence of their contents. To the extent the allegations in this sentence are inconsistent with the referenced documents, Defendants deny the allegations and deny any unlawful action.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and deny them on that basis.

10. The allegations in the first sentence of Paragraph 10 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.  The remaining allegations in Paragraph 10 are vague and ambiguous as to the actions and decisions referenced, and therefore,

Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and deny them on that basis.

11.     The allegations in Paragraph 11 constitute Intervenor's characterization of the case, to which no response is required.  To the extent a response is required, Defendants deny the allegations, deny any unlawful action, and deny that Intervenors are entitled to the requested relief or any relief whatsoever.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny them.

13.     The allegations in Paragraph 13 constitute Intervenor's characterization of the case, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

14.     Defendants admit the Department of the Interior is a department within the Executive Branch.

15.     Defendants admit the allegations in the first sentence of Paragraph 15.  Defendants aver that they are implementing the Wind Memo; the remaining allegations in the second sentence of Paragraph 15 characterizes unspecified statements by BOEM and USFWS and are therefore vague and ambiguous, and Defendants deny the allegations on that basis.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17 and aver that Matthew Giacona is the Acting Director of BOEM and is being sued in his official capacity as Acting Director of BOEM.

18.    Defendants admit that Jon Raby is BLM's Nevada State Director, but aver that Mr. Raby is no longer exercising the delegated authorities of the BLM Director.

19.    Defendants admit that Paul Souza is the Regional Director, Pacific Southwest Region, exercising the delegated authority of the Director, U.S. Fish & Wildlife Service.

20.    Defendants admit that the Department of Commerce is a department within the Executive Branch.

21.    Defendants admit that the National Oceanic and Atmospheric Administration ("NOAA") is an operating unit within the U.S. Department of Commerce.  NOAA Fisheries, also referred to as the National Marine Fisheries Service, is a line office within NOAA.

22.    Defendants admit the allegations in Paragraph 22.

23.    Defendants aver that Eugenio Piñeiro Soler is the Assistant Administrator of NOAA Fisheries and admit the remaining allegations in Paragraph 23.

24.    Defendants admit the allegations in the first sentence of Paragraph 24.  Defendants admit that they have adopted and implemented the temporary cessation directive in Section 2 of the Wind Memo.  The remaining allegations in Paragraph 24 purport to characterize an unidentified Corps statement and are therefore vague and ambiguous, and Defendants therefore lack knowledge or information to form a belief as to the truth or falsity of the remaining allegations and deny them on that basis.

25.    Defendants admit the allegations in Paragraph 25.

26.    Defendants admit the allegations in Paragraph 26.

27.    Defendants admit the allegations in Paragraph 27.

28.    The allegations in Paragraph 28 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

29.    The allegations in Paragraph 29 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

30.    The allegations in Paragraph 30 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that venue is proper but deny any remaining allegations.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and Defendants deny the allegations on that basis.

32.    The allegations in Paragraph 32 purport to characterize a Department of Energy ("DOE") publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 32 are inconsistent with the referenced publication, Defendants deny the allegations.

33.    The allegations in Paragraph 33 purport to characterize a DOE publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 33 are inconsistent with the referenced publication, Defendants deny the allegations.

34.    The allegations in Paragraph 34 purport to characterize a DOE publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 34 are inconsistent with the referenced publication, Defendants deny the allegations.

35.    The allegations in Paragraph 35 purport to characterize a DOE publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations in

Paragraph 35 are inconsistent with the referenced publication, Defendants deny the allegations.

36. The allegations in Paragraph 36 purport to characterize various federal laws, which speak for themselves and are the best evidence of its contents. To the extent the allegations in Paragraph 36 are inconsistent with the referenced laws, Defendants deny the allegations.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and deny them on that basis.

38. Defendants deny the allegations in Paragraph 38 and aver that there are eleven approved Construction and Operations Plans on Outer Continental Shelf wind leases, covering 14 projects.

39. The allegations in Paragraph 39 purport to characterize various project-related documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 39 are inconsistent with the referenced documents, Defendants deny the allegations.

40. The allegations in Paragraph 40 purport to characterize various project-related documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 40 are inconsistent with the referenced documents, Defendants deny the allegations.

41. The allegations in the first and second sentences of Paragraph 41 purport to characterize briefs submitted in *Seafreeze Shoreside, Inc. v. Department of the Interior*, No. 1:22-cv-11091-IT, and Nantucket Residents Against Turbines v. BOEM, No. 23-1501, respectively, which speak for themselves and are the best evidence of their content. To the extent the allegations in the first and second sentences of Paragraph 41 are inconsistent

with the referenced briefs, Defendants deny the allegations. The third sentence of

Paragraph 41 purports to characterize a BOEM fact sheet titled, Offshore Wind

Development and Whales, which speaks for itself and is the best evidence of its content.

To the extent that the allegations in the third sentence of Paragraph 41 are inconsistent

with the referenced fact sheet, Defendants deny the allegations.

42.    The allegations in the first sentence of Paragraph 42 are vague and ambiguous as to the

referenced studies and conclusions, and therefore, Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations and deny

them on that basis.  The allegations in the second and third sentences of Paragraph 42

purport to characterize a page on NMFS' website, which speaks for itself and is the best

evidence of its contents. To the extent the allegations in Paragraph 42 are inconsistent

with the referenced webpage, Defendants deny the allegations

43.    The allegations Paragraph 43 purport to characterize court opinions, which speak for

themselves and are the best evidence of their contents. To the extent the allegations in

Paragraph 43 are inconsistent with the referenced court opinions, Defendants deny the

allegations.

44.    Defendants admit the allegations in Paragraph 44.

45.    In response to the allegations in the first sentence of Paragraph 45, Defendants admit that

the BLM undertakes an environmental review of wind energy project proposing to use

public lands, and avers that the level and extent of analysis is dependent on the proposed

project. Defendants deny any remaining allegations in the first sentence.  Defendants

admit the allegations in the second sentence of Paragraph 45. The allegations in the third

and fourth sentences of Paragraph 45 purport to characterize and quote BLM's Wind

Energy Programmatic Environmental Impact Statement (2005) (BLM Wind PEIS) which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third and fourth sentences of Paragraph 45 are inconsistent with the BLM Wind PEIS, Defendants deny the allegations.

46.    The allegations in the first sentence of Paragraph 46 purport to characterize and quote the BLM Wind PEIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph 46 are inconsistent with the BLM Wind PEIS, Defendants deny the allegations. In response to the allegations in the second and third sentences of Paragraph 46, Defendants admit that the BLM undertakes an environmental review of wind energy projects proposing to use public lands, and avers that the level and extent of analysis is dependent on the proposed project.  Defendants deny any remaining allegations in the second and third sentences.

47.    The allegations in Paragraph 47 purport to characterize and quote the BLM's Record of Decision for the Tule Wind Project (Tule Wind ROD), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 47 are inconsistent with the Tule Wind ROD, Defendants deny the allegations.

48.    The allegations Paragraph 48 purport to characterize court opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 48 are inconsistent with the referenced court opinions, Defendants deny the allegations.

49.    The allegations in Paragraph 49 are vague and ambiguous regarding the energy projects in question and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

50.     The allegations in Paragraph 50 purport to characterize and quote a DOE webpage, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 50 are inconsistent with the referenced webpage, Defendants deny the allegations.

51.     The allegations in Paragraph 51 are vague and ambiguous as to the wind energy projects and states and tribes in questions, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

52.     The allegations in Paragraph 52 are vague and ambiguous as to the projects and states in question, and therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

53.     The allegations in Paragraph 53 are vague and ambiguous as to the energy projects and states in question, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

54.     The allegations in Paragraph 54 are vague and ambiguous as to the energy projects and states in question, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

55.     The allegations in Paragraph 55 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in the third sentence purport to characterize regulations that speak for themselves and are the best evidence of their contents.  To the extent the allegations in the third sentence are inconsistent with the regulation, Defendants deny them on that basis and deny the remaining allegations.

56.    The allegations in the first sentence of Paragraph 56 are vague and ambiguous as to the energy projects and states in question, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis. The allegations in the second and third sentences of Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

57.    The allegations in Paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

58.    The allegations in Paragraph 58 consist of legal conclusions, to which no response is required, or they purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its content. To the extent a response is required or the allegations are inconsistent with the Wind Memo, Defendants deny the allegations and deny any unlawful action.

59.    The allegations in Paragraph 59 purport to characterize and quote the Wind Memo, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph are inconsistent with the referenced Wind Memo, Defendants deny the allegations.

60.    The allegations in Paragraph 60 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 60 are inconsistent with the Wind Memo, Defendants deny the allegations and deny any unlawful action.

61.    The allegations in Paragraph 61 purport to characterize various executive orders, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 61 are inconsistent with the referenced orders, Defendants deny the allegations.

62.    Defendants deny the allegations in Paragraph 62.

63.    The allegations in Paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

64.    The allegations in the first sentence of Paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.  The allegations in the second sentence of Paragraph 64 are vague and ambiguous as to the agencies and energy projects in question, and Defendants deny the allegations on that basis.

65.    Defendants aver that DOI issued Secretary's Order 3415 on January 20, 2025 and Secretary's Order 3415, Amendment No. 1, on January 29.   The allegations Paragraph 65 purport to characterize those orders, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 65 are inconsistent with the referenced orders, Defendants deny the allegations.

66.    The allegations in Paragraph 66 purport to characterize a BOEM's website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 61 are inconsistent with the referenced website, Defendants deny the allegations.

67.    The allegations in Paragraph 67 purport to characterize a BOEM's website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 67 are inconsistent with the referenced website, Defendants deny the allegations.

68.    The allegations in Paragraph 68 purport to characterize a BOEM's website, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 68 are inconsistent with the referenced website, Defendants deny the allegations.

69.    The allegations in Paragraph 69 purport to characterize websites by BOEM and the Federal Permitting Improvement Steering Council (FPISC), which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 69 are inconsistent with the referenced websites, Defendants deny the allegations.

70.    The allegations in Paragraph 70 purport to characterize FPISC websites, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 70 are inconsistent with the referenced websites, Defendants deny the allegations.

71.    As to the allegations in the first sentence of Paragraph 71, Defendants admit that they have adopted and implemented the temporary cessation directive in Section 2 of the Wind Memo and deny the remaining allegations.  The allegations in the second, third, and fourth sentences of Paragraph 71 purport to characterize Corps statements and a February 12, 2025 press article, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 71 are inconsistent with the referenced statements and article, Defendants deny the allegations.

72.    The allegations in the first sentence of paragraph 72 purport to characterize the referenced notice on FWS's website, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of paragraph 72 purport to characterize a FWS spreadsheet listing general permits authorizing incidental take issued to wind facilities under the Eagle Protection Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 72 are inconsistent with the notice or spreadsheet, Defendants deny the allegations.

73.    As to the allegations in the first sentence of Paragraph 73, Defendants admit that they have adopted and implemented the temporary cessation directive in Section 2 of the Wind Memo.  The remaining allegations in the first sentence of Paragraph 73 are vague and ambiguous as to the energy projects in question and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.  Defendants admit the allegations in the second sentence of Paragraph 73.

74.    The allegations in Paragraph 74 are vague and ambiguous with respect to the email's sender or the date and time it was sent. Defendants, therefore, lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

75.    The allegations in the first sentence of Paragraph 75 purport to characterize agency pronouncements, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations in the second sentence of Paragraph 75.

76.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76 and deny the allegations on that basis.

77.    Defendants admit the allegations in the first sentence of Paragraph 77. The remaining allegations in Paragraph 77 purport to characterize the Outer Continental Shelf Lands Act ("OCSLA") and a court opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 77 are inconsistent with OCSLA or the referenced opinion, Defendants deny the allegations.

78.    The allegations in Paragraph 78 purport to characterize OCSLA, as amended by the Energy Policy Act of 2005 ("EPAct"), and a court opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 78 are inconsistent with OCSLA, as amended by the EPAct, or the referenced opinion, Defendants deny the allegations.

79.    The allegations in Paragraph 79 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 79 are inconsistent with the referenced regulations, Defendants deny the allegations.

80.    The allegations in Paragraph 80 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 80 are inconsistent with the referenced regulations, Defendants deny the allegations.

81.    The allegations in Paragraph 81 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in

Paragraph 81 are inconsistent with the referenced regulations, Defendants deny the allegations.

82. The allegations in Paragraph 82 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 82 are inconsistent with the referenced regulations, Defendants deny the allegations.

83. The allegations in Paragraph 83 purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 83 are inconsistent with FLPMA, Defendants deny the allegations.

84. The allegations in Paragraph 84 purport to characterize and quote FLPMA and the implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 84 are inconsistent with FLPMA and the implementing regulations, Defendants deny the allegations.

85. The allegations in Paragraph 85 purport to characterize FLPMA and the implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 85 are inconsistent with FLPMA and the implementing regulations, Defendants deny the allegations.

86. The allegations in Paragraph 86 purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 86 are inconsistent with FLPMA, Defendants deny the allegations.

87.    The allegations in Paragraph 87 purport to characterize and quote FLPMA and the implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 87 are inconsistent with FLPMA and the implementing regulations, Defendants deny the allegations.

88.    The allegations in Paragraph 88 purport to characterize FLPMA's implementing regulations, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 88 are inconsistent with FLPMA's implementing regulations, Defendants deny the allegations.

89.    The allegations in the Paragraph 89 purport to characterize and quote FLPMA and BLM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 85 are inconsistent with FLPMA and BLM' regulations, Defendants deny the allegations.

90.    The allegations in Paragraph 90 purport to characterize and quote FLPMA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 90 are inconsistent with FLPMA, Defendants deny the allegations.

91.    The allegations in Paragraph 91 purport to characterize and quote FLPMA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 91 are inconsistent with FLPMA, Defendants deny the allegations.

92.    The allegations in Paragraph 92 purport to characterize and quote FLPMA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 92 are inconsistent with FLPMA, Defendants deny the allegations.

93.    The allegations in Paragraph 93 purport to characterize and quote FLPMA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 93 are inconsistent with FLPMA, Defendants deny the allegations.

94.    The allegations in Paragraph 94 are vague and ambiguous and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

95.    The allegations in Paragraph 95 purport to characterize and quote FLPMA's implementing regulations, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 95 are inconsistent with FLPMA's implementing regulations, Defendants deny the allegations.

96.    The allegations in Paragraph 96 purport to characterize BLM's regulations implementing FLPMA, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 96 are inconsistent with FLPMA's implementing regulations, Defendants deny the allegations.

97.    The allegations in Paragraph 97 purport to characterize BLM's regulations implementing FLPMA, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 97 are inconsistent with FLPMA's implementing regulations, Defendants deny the allegations.

98.    The allegations in Paragraph 98 purport to characterize FLPMA and BLM's regulations implementing FLPMA, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 98 are inconsistent with FLPMA or its implementing regulations, Defendants deny the allegations.

99.    The allegations in Paragraph 99 purport to characterize the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 99 are inconsistent with the CWA, Defendants deny the allegations.

100.    The allegations in Paragraph 100 purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 100 are inconsistent with the CWA, Defendants deny the allegations.

101.    The allegations in Paragraph 101 purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 101 are inconsistent with the CWA, Defendants deny the allegations.

102.    The allegations in Paragraph 102 purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 102 are inconsistent with the CWA, Defendants deny the allegations.

103.    The allegations in Paragraph 103 purport to characterize Corps regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 103 are inconsistent with the Corps regulations, Defendants deny the allegations.

104.    The allegations in Paragraph 104 purport to characterize the CWA and Corps regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 104 are inconsistent with the CWA or the Corps regulations, Defendants deny the allegations.

105.    The allegations in Paragraph 105 purport to characterize Corps regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in

Paragraph 105 are inconsistent with the Corps regulations, Defendants deny the allegations.

106.    The allegations in Paragraph 106 purport to characterize Corps regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 106 are inconsistent with the Corps regulations, Defendants deny the allegations.

107.    The allegations in Paragraph 107 purport to characterize the CWA and Corps regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 107 are inconsistent with the CWA and Corps regulations, Defendants deny the allegations.

108.    The allegations in Paragraph 108 purport to characterize the Clean Water Act ("CWA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 108 are inconsistent with the CWA or its implementing regulations, Defendants deny the allegations.

109.    The allegations in Paragraph 109 purport to characterize the CWA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 109 are inconsistent with the CWA's implementing regulations, Defendants deny the allegations.

110.    The allegations in Paragraph 110 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

111.    The allegations in Paragraph 111 purport to characterize the Rivers and Harbors Act of 1899 ("RHA") which speaks for itself and is the best evidence of its contents. To the

extent the allegations in Paragraph 111 are inconsistent with the RHA, Defendants deny the allegations.

112. The allegations in Paragraph 112 purport to characterize the RHA which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 112 are inconsistent with the RHA, Defendants deny the allegations.

113. The allegations in Paragraph 113 purport to characterize the RHA which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 113 are inconsistent with the RHA, Defendants deny the allegations.

114. The allegations in Paragraph 114 purport to characterize the RHA which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 114 are inconsistent with the RHA, Defendants deny the allegations.

115. The allegations in Paragraph 115 purport to characterize Corps regulations which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 115 are inconsistent with Corps regulations, Defendants deny the allegations.

116. The allegations in Paragraph 116 purport to characterize Corps regulations which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 116 are inconsistent with Corps regulations, Defendants deny the allegations.

117. The allegations in Paragraph 117 purport to characterize Corps regulations which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 117 are inconsistent with Corps regulations, Defendants deny the allegations.

118. The allegations in Paragraph 118 purport to characterize a rule published in the Federal Register which speaks for itself and is the best evidence of its contents. To the extent the

allegations in Paragraph 118 are inconsistent with the rule, Defendants deny the allegations.

119.    The allegations in Paragraph 119 consist of legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

120.    The allegations in Paragraph 120 purport to characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 120 are inconsistent with the ESA, Defendants deny the allegations.

121.    The allegations in Paragraph 121 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 121 are inconsistent with the ESA, Defendants deny the allegations.

122.    The allegations in Paragraph 122 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 122 are inconsistent with the ESA, Defendants deny the allegations.

123.    The allegations in Paragraph 123 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 123 are inconsistent with the ESA, Defendants deny the allegations.

124.    The allegations in Paragraph 124 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 124 are inconsistent with the ESA's implementing regulations, Defendants deny the allegations.

125.   The allegations in Paragraph 125 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 125 are inconsistent with the ESA, Defendants deny the allegations.

126.   The allegations in Paragraph 126 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 126 are inconsistent with the ESA and its implementing regulations, Defendants deny the allegations.

127.   The allegations in Paragraph 127 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 127 are inconsistent with the ESA's implementing regulations, Defendants deny the allegations.

128.   The allegations in Paragraph 128 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

129.   The allegations in Paragraph 129 purport to characterize the Marine Mammal Protection Act (MMPA), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 129 are inconsistent with the MMPA, Defendants deny the allegations.

130.   The allegations in Paragraph 130 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 130 are inconsistent with the MMPA, Defendants deny the allegations.

131.   The allegations in Paragraph 131 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 131 are inconsistent with the MMPA, Defendants deny the allegations.

132.   The allegations in Paragraph 132 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 132 are inconsistent with the MMPA, Defendants deny the allegations.

133.   The allegations in Paragraph 133 purport to characterize the MMPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 133 are inconsistent with the MMPA's implementing regulations, Defendants deny the allegations.

134.   The allegations in Paragraph 134 consist of legal conclusions, to which no response is required.   To the extent a response is required, Defendants deny the allegations.

135.   The allegations in Paragraph 135 purport to characterize the Bald and Golden Eagle Protection Act (BGEPA), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 135 are inconsistent with the BGEPA, Defendants deny the allegations.

136.   The allegations in Paragraph 136 purport to characterize the BGEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 136 are inconsistent with the BGEPA and its implementing regulations, Defendants deny the allegations.

137.   Defendants admit the allegations in the first sentence of Paragraph 137. The remaining allegations in Paragraph 137 purport to characterize the BGEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 137 are inconsistent with the BGEPA's implementing regulations, Defendants deny the allegations.

138.   The allegations in Paragraph 138 purport to characterize the BGEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 138 are inconsistent with the BGEPA's implementing regulations, Defendants deny the allegations.

139.   The allegations in Paragraph 139 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

140.   The allegations in Paragraph 140 purport to characterize the Clean Air Act ("CAA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 140 are inconsistent with the referenced statute, Defendants deny the allegations.

141.   The allegations in Paragraph 141 purport to characterize the CAA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 141 are inconsistent with the referenced statute, Defendants deny the allegations.

142.   The allegations in the first and, in part, the second sentences of Paragraph 142 purport to characterize the CAA, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence and, in part, the second sentence purport to characterize CAA implementing regulations found at 40 C.F.R. Part 55, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 142 are inconsistent with the referenced statute or regulations, Defendants deny the allegations.

143.   Defendants admit the allegations in the first and second sentences of Paragraph 143. The allegations in the third and fourth sentence of Paragraph 143 purport to characterize the cited page from an EPA website, which speaks for itself and is the best evidence of its

content.  To the extent the allegations in Paragraph 143 are inconsistent with the referenced webpage, Defendants deny the allegations.

144.  The allegations in Paragraph 144 purport to characterize the CAA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 144 are inconsistent with the referenced statute, Defendants deny the allegations.

145.  The allegations in Paragraph 145 purport to characterize regulations that implement the Clean Air Act, which regulations speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 145 are inconsistent with the referenced regulation, Defendants deny the allegations.

146.  The allegations in Paragraph 146 prior to the last sentence purport to characterize regulations implementing the Clean Air Act and other statutes, which regulations speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 146 are inconsistent with the referenced regulations, Defendants deny the allegations. The allegations in the last sentence of Paragraph 146 purport to characterize an EPA memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 146 are inconsistent with the referenced memorandum, Defendants deny the allegations.

147.  The allegations in Paragraph 147 purport to characterize regulations that implement the Clean Air Act, which regulations speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 147 are inconsistent with the referenced regulations, Defendants deny the allegations.

148.  The allegations in Paragraph 148 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

149.    The allegations in Paragraph 149 purport to characterize the Fixing America's Surface Transportation Act ("FAST Act"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 149 are inconsistent with the FAST Act, Federal Defendants deny the allegations.

150.    The allegations in Paragraph 150 purport to characterize the FAST Act and determinations made by the Federal Permitting Improvement Steering Council ("FPISC"), which speaks for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 150 are inconsistent with the FAST Act or the FPISC's determinations, Defendants deny the allegations.

151.    The allegations in Paragraph 151 purport to characterize the FAST Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 151 are inconsistent with the FAST Act, Defendants deny the allegations.

152.    The allegations in Paragraph 152 purport to characterize the FAST Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 152 are inconsistent with the FAST Act, Defendants deny the allegations.

153.    The allegations in Paragraph 153 purport to characterize the FAST Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 153 are inconsistent with the FAST Act, Defendants deny the allegations.

154.    The allegations in Paragraph 154 purport to characterize the FAST Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 154 are inconsistent with the FAST Act, Defendants deny the allegations.

155.    The allegations in Paragraph 155 purport to characterize the FAST Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 155 are inconsistent with the FAST Act, Defendants deny the allegations.

156.    The allegations in Paragraph 156 purport to characterize the FAST-Act which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 156 are inconsistent with the referenced statute, Defendants deny the allegations.

157.    The allegations in Paragraph 157 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 157 are inconsistent with NEPA, Defendants deny the allegations.

158.    The allegations in Paragraph 158 purport to characterize the Fiscal Responsibility Act's ("FRA") amendments to NEPA, which speaks for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 158 are inconsistent with the FRA's amendments to NEPA, Defendants deny the allegations.

159.    The allegations in Paragraph 159 purport to characterize NEPA which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 158 are inconsistent with NEPA, Defendants deny the allegations.

160.    The allegations in Paragraph 160 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 160 are inconsistent with APA, Defendants deny the allegations.

161.    The allegations in Paragraph 161 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

162. Defendants incorporate by reference Paragraphs 1-161 in response to the corresponding paragraphs of Plaintiff's Complaint.

163. The allegations in Paragraph 163 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 163 are inconsistent with APA, Defendants deny the allegations.

164. The allegations in Paragraph 164 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

165. The allegations in Paragraph 165 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any unlawful action here.

166. The allegations in Paragraph 166 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any unlawful action here.

167. The allegations in Paragraph 167 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

168. Defendants aver that their temporary cessation of wind energy approvals and other authorizations pursuant to the Wind Memo is not final agency action subject to challenge under the Administrative Procedure Act and therefore no administrative record is required. The Court ordered Defendants to provide an administrative record for Defendants temporary cessation of wind energy approvals and other authorizations. Defendants complied with that Order but otherwise deny the allegations in Paragraph 168.

169. The allegations in Paragraph 169 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegation and deny any unlawful action.

170.    Defendants deny the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegation and deny any unlawful action.

172.    The allegations in Paragraph 172 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

173.    The allegations in Paragraph 173 purport to characterize the Wind Memo which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 173 are inconsistent with the Wind Memo, Defendants deny the allegations.

174.    Defendants deny the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

176.    The allegations in the first sentence of Paragraph 176 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph 176 are inconsistent with the referenced Wind Memo, Defendants deny the allegations. The allegations in the second sentence of Paragraph 176 purport to characterize Executive Order 14154, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 176 are inconsistent with the referenced executive order, Defendants deny the allegations. The allegations in the third sentence of Paragraph 176 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

177.    The allegations in the first and fourth sentences of Paragraph 177 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any unlawful action here. The allegations in the second and third sentences of Paragraph 177 are vague and ambiguous as to the energy projects in question, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

178.    The first, third, and fourth sentences of Paragraph 178 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any unlawful action here. The second sentence of Paragraph 178 purports to characterize and quote Executive Order 14102, Unleashing Prosperity through Deregulation, 90 Fed. Reg. 9065 (January 31, 2025), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 178 are inconsistent with the referenced executive order, Defendants deny the allegations.

179.    The first, second, fourth, and fifth sentences of Paragraph 179 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any unlawful action. The third sentence of Paragraph 179 purports to characterize and quote Executive Order 14219, Ensuring Lawful Governance and Implementing the President's 'Department of Government Efficiency' Deregulatory Initiative, 90 Fed. Reg. 10583 (Feb. 19, 2025) sections 3, 6(d), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 179 are inconsistent with the referenced executive order, Defendants deny the allegations.

180.    The allegations in Paragraph 180 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any unlawful action.

181.    The allegations in Paragraph 181 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 181 are inconsistent with the referenced Wind Memo, Defendants deny the allegations.  Defendants also deny any unlawful action.

182.    The allegations in Paragraph 182 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

183.    Defendants incorporate by reference Paragraphs 1-182 in response to the corresponding paragraphs of Plaintiff's Complaint.

184.    The allegations in Paragraph 184 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 184 are inconsistent with APA, Defendants deny the allegations.

185.    The allegations in Paragraph 185 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

186.    The allegations in Paragraph 186 are vague and ambiguous regarding the resources, investments, and jobs in question, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

187.    The allegations in Paragraph 187 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

188.    The allegations in Paragraph 188 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

189.    Defendants incorporate by reference Paragraphs 1-188 in response to the corresponding paragraphs of Plaintiff's Complaint.

190.    The allegations in Paragraph 190 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 190 are inconsistent with APA, Defendants deny the allegations.

191.    The allegations in Paragraph 191 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

192.    The allegations in the first sentence of Paragraph 192 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.  The remaining allegations in Paragraph 192 purport to characterize OCSLA and BOEM's regulations which speak for themselves and are the best evidence of their contents.  To the extent the remaining allegations in Paragraph 192 are inconsistent with OCSLA and BOEM's regulations, they are denied.

193.    The allegations in the first sentence of Paragraph 193 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action. The remaining allegations in Paragraph 193 purport to characterize FLPMA and BLM's regulations which speak for themselves and are the best evidence of their contents.  To the extent the remaining allegations in Paragraph 193 are inconsistent with FLPMA and BLM's regulations, they are denied.

194.   The allegations in the first sentence of Paragraph 194 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny any unlawful action.   The remaining allegations in Paragraph 194 purport to characterize the CWA and Corps regulations which speak for themselves and are the best evidence of their contents.  To the extent the remaining allegations in Paragraph 194 are inconsistent with the CWA and Corps regulations, they are denied.

195.   The allegations in the first sentence of Paragraph 195 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny any unlawful action.   The remaining allegations in Paragraph 195 purport to characterize the RHA and Corps regulations which speak for themselves and are the best evidence of their contents.  To the extent the remaining allegations in Paragraph 195 are inconsistent with the RHA and Corps regulations, they are denied.

196.   The allegations in the first sentence of Paragraph 196 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.   The remaining allegations in Paragraph 196 purport to characterize the ESA and USFWS's and NMFS's regulations which speak for themselves and are the best evidence of their contents.  To the extent the remaining allegations in Paragraph 196 are inconsistent with the ESA and USFW's and NMFS's regulations, they are denied.

197.   The allegations in the first sentence of Paragraph 197 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny any unlawful action.  The remaining allegations in Paragraph 197 purport to characterize the MMPA and USFWS's and NMFS's regulations which speak

for themselves and are the best evidence of their contents. To the extent the remaining allegations in Paragraph 197 are inconsistent with the ESA and USFW's and NMFS's regulations, they are denied.

198.  The allegations in the first sentence of Paragraph 198 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action. The remaining allegations in Paragraph 198 purport to characterize BGEPA and USFWS's regulations which speak for themselves and are the best evidence of their contents. To the extent the remaining allegations in Paragraph 198 are inconsistent with the ESA and USFW's regulations, they are denied.

199.  The allegations in the first sentence of Paragraph 199 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action. The remaining allegations in Paragraph 199 purport to characterize the CAA and EPA's regulations which speak for themselves and are the best evidence of their contents. To the extent the remaining allegations in Paragraph 199 are inconsistent with the CAA and EPA's regulations, they are denied.

200.  The allegations in Paragraph 200 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

201.  The allegations in Paragraph 201 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any unlawful action.

Pursuant to the Court's July 3, 2025 Order, Intervenor's Count IV was dismissed and therefore no response to paragraphs 202-210 is needed.

Pursuant to the Court's July 3, 2025 Order, Intervenor's Count V was dismissed and therefore no response to paragraphs 211-225 is needed.

Pursuant to the Court's July 3, 2025 Order, Intervenor's Count VI was dismissed and therefore no response to paragraphs 226-231 is needed.

The remainder of the allegations in the Complaint constitute Intervenor's Prayer for Relief to which no response is required. To the extent a further response is required, Defendants deny that Intervenor is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civile Procedure 8(b), Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein. Defendants also deny that they have taken any unlawful action as alleged in Intervenor's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.     The Court lacks jurisdiction over some or all of Intervenor's claims.

2.     Intervenor's claims fail to state a claim upon which relief can be granted.

3.     Intervenor lacks standing.

4.     Intervenor's claims fail for lack of final agency action.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Intervenor, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 31st day of July 2025.

**ADAM R. F. GUSTAFSON**

Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

 */s/ Michael K. Robertson*

MICHAEL K. ROBERTSON
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202)-305-9609
Email: Michael.Robertson@usdoj.gov

ROBERT P. WILLIAMS
Senior Trial Attorney (DC Bar No. 474730)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0210 | Fax: (202) 305-0275
Email: robert.p.williams@usdoj.gov

KIERAN O'NEIL
Trial Attorney (AK Bar No. 2311132)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Tel: (202) 353-7548
Email: kieran.o'neil@usdoj.gov

*Attorneys for Federal Defendants*