UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | No. 1:25-cv-11221-PBS |

**[~~JOINT PROPOSED~~] JUDGMENT**[1]

This action came to decision before the Court. The issues have been tried or determined and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to this Court's Memorandum and Order on State Plaintiffs' and Plaintiff-Intervenor's Motions for Summary Judgment and Agency Defendants' Cross Motion for Summary Judgment entered on December 8, 2025 (ECF No. 234), judgment shall enter in favor of State Plaintiffs on Counts I and II of their First Amended Complaint and in favor of Plaintiff-Intervenor on Counts I and III of its Complaint against the Department of the Interior (and three of its subagencies: the Bureau of Ocean Energy Management, the Bureau of Land Management, and the U.S. Fish and Wildlife Service; and Douglas Burgum, in his official capacity as Secretary of the Interior; Matthew Giacona, in his

---

[1] This Proposed Judgment was submitted at the request of the Court, made during the December 15, 2025, status conference. By submitting this Proposed Judgment, Defendants in no way waive or concede any arguments that were asserted in earlier proceedings.

official capacity as Acting Director of the Bureau of Ocean Energy Management;[2] Bill Groffy, in his official capacity as Acting Director of the Bureau of Land Management;[3] and Brian Nesvik, in his official capacity as Director of the U.S. Fish and Wildlife Service[4] ), the Department of Commerce (and two of its subagencies: the National Oceanic and Atmospheric Administration and the National Marine Fisheries Service; and Howard Lutnick, in his official capacity as Secretary of Commerce; Neil A. Jacobs, in his official capacity as Administrator of the National Oceanic and Atmospheric Administration;[5] and Eugenio Pinerio-Soler, in his official capacity as Assistant Administrator for NOAA Fisheries), the Environmental Protection Agency (and Lee Zeldin, in his official capacity as Administrator of the Environmental Protection Agency), and the U.S. Army Corps of Engineers (and Lieutenant General William H. "Butch" Graham, Jr., in his official capacity as Chief of Engineers of the U.S. Army Corps of Engineers) (collectively, the "Agency Defendants").

**IT IS FURTHER ORDERED AND ADJUDGED** that each Agency Defendant's decision to implement section 2(a) of the Presidential Memorandum entitled *Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects*, 90 Fed. Reg. 8363 (Jan. 29, 2025), by not issuing new or renewed approvals, rights of way, permits, leases, or loans for onshore or offshore wind projects pending the completion of a comprehensive

---

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Matthew Giacona is automatically substituted for Walter Cruickshank as Acting Director of the Bureau of Ocean Energy Management.

[3] Pursuant to Federal Rule of Civil Procedure 25(d), Bill Groffy is automatically substituted for Jonathan Raby as Acting Director of the Bureau of Land Management.

[4] Pursuant to Federal Rule of Civil Procedure 25(d), Brian Nesvik is automatically substituted for Paul Souza as Director of the U.S. Fish and Wildlife Service.

[5] Pursuant to Federal Rule of Civil Procedure 25(d), Neil A. Jacobs is automatically substituted for Laura Grimm as Administrator of the National Oceanic and Atmospheric Administration.

assessment and review of Federal wind leasing and permitting practices ("Wind Order"),[6] is hereby **DECLARED** unlawful and is **VACATED** in its entirety.

**IT IS FURTHER ORDERED** that given these rulings, the Court need not resolve Count II of Plaintiff-Intervenor's Complaint and thus denies that claim without prejudice. State Plaintiffs' and Plaintiff-Intervenor's remaining claims are dismissed consistent with the Court's July 3, 2025, Memorandum and Order on Defendants' motion to dismiss. The Court retains jurisdiction to enforce this judgment.

Date: _____12/18/25_____    _____
Patti B. Saris
Judge, United States District Court

---

[6] For clarity, Agency Defendants' "Wind Order" does not include the Secretary of the Interior's January 20, 2025, Order 3415 (at ECF No. 165-3). By its terms, Secretary's Order 3415 expired once it was amended on January 29, 2025, and that amendment then expired 60 days after its issuance. While it was in effect, Secretary's Order 3415 temporarily suspended delegated authority from the Secretary to Department Bureaus and Offices to take various actions, including the issuance of onshore and offshore renewable energy authorizations, but did not purport to affect issuance of authorizations at higher levels within the Department.